PEOPLE *v.* DOUGLAS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEA OF GUILTY—
EXCULPATORY AFFIDAVITS.

 Exculpatory affidavits by codefendants convicted of same crime
on pleas of guilty, together with denial of guilt by defendant,
do not furnish grounds for setting aside plea of guilty, where
present issue as to innocence was not pursued on appeal nor
raised at any time prior to appeal.

2. ATTORNEY AND CLIENT—EFFECTIVE REPRESENTATION—SUBSTITUTE
ATTORNEY—PRELIMINARY EXAMINATION.

 Defense to charge of robbery armed, *held,* not shown to have
been impaired by appearance of attorney other than his court-
appointed attorney at preliminary examination where attorney
who conducted cross-examination was familiar with offense
charged by reason of representing a codefendant, and where
defendant had consented to substitution (CLS 1961, § 750.529).

3. SAME—EFFECTIVE REPRESENTATION—SUBSTITUTE ATTORNEY—PLEA
OF GUILTY.

 Defendant, charged with robbery armed, did not show that he
was not effectively represented by counsel at the time he
pleaded guilty to included offense of assault with intent to
rob being armed, where he participated in proceedings with-
out objecting to the substitution of another lawyer for one
appointed by the court (CL 1948, § 750.89; CLS 1961, § 750-
.529).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 271.
 5 Am Jur 2d, Appeal and Error § 545.
 21 Am Jur 2d, Criminal Law §§ 504, 505.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 313, 314, 316, 321, 449.
[4] 21 Am Jur 2d, Criminal Law §§ 487, 489, 491.

4. CRIMINAL LAW—GUILTY PLEA—COMPLIANCE WITH COURT RULE.

    Court in prosecution for robbery armed *held*, to have sufficiently complied with the rule regulating practice in criminal cases on a plea of guilty, as to defendant, when codefendants were informed of the consequences of their identical pleas of guilty to included offense of assault with intent to rob being armed in the presence and hearing of defendant, even though remarks of the court were not specifically addressed to defendant (CL 1948, § 768.35; GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit; Brennan (Vincent J.), J. Submitted Division 1 May 11, 1966, at Detroit. (Docket No. 1,283.) Decided September 13, 1966.

George H. Douglas was convicted of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Angelino A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Manning Hathaway,* for defendant.

LESINSKI, C. J. Defendant and two others were arrested and charged with robbery armed in violation of CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

The defendant was charged with having entered a package liquor store at 14501 Mack avenue in the city of Detroit at 8:55 p.m. on the night of August 25, 1964, gun in hand, accompanied by two companions, having ordered Paul Otis and his wife and mother, the operators of the store, into a rear room and then having gone through the cash register. Defendant Douglas and two others were arrested

for the crime and Douglas was arraigned on the warrant on August 29, 1964.

A preliminary examination was held on September 3, 1964, at which time the defendant was bound over for trial. It was later learned that the court reporter failed to file a copy of the transcript of the proceeding and the matter was returned to the examining magistrate who conducted a second preliminary examination on January 13, 1965.

Attorney Lawrence S. Burns had previously been assigned by the court to defend the indigent defendant Douglas. Attorney Burns did not appear at the second preliminary examination as he was tied up in another matter and unable to appear in court. Attorney Roman S. Gribbs, who represented codefendant Brock, conducted the cross-examination on behalf of his client and defendant Douglas.

Before allowing the above procedure, the court stated to defendant Douglas:

"Now, Mr. Douglas, I talked to Mr. Burns this morning and he said he was on the way over here and he hasn't appeared as yet, and he said to me, 'I can't get there; I'm tied up here. You ask Mr. Gribbs, who is representing Mr. Brock and will represent him favorably because of his ability, to have Mr. Douglas consent to have Mr. Gribbs represent you, just for the purposes of examination, and that's all.'

"Is that arrangement agreeable to you?

"*Mr. Douglas*: Yes, sir."

On June 2, 1965, Douglas, Brock and a third defendant, one Thomas W. Pleasant, appeared before the Honorable Vincent J. Brennan for trial. Attorney Charles Campbell appeared on behalf of Douglas. Mr. Gribbs appeared on behalf of Brock, and Attorney Cyril Levenson appeared on behalf of Pleasant. Mr. Gribbs informed the court that he had discussed the matter extensively with his client

and also with other defendants and counsel present
concerning basic constitutional rights, the nature of
the criminal offense charged, the maximum sentence
of possible life imprisonment, and the desire of his
defendant to plead guilty to the included offense
of assault with intent to rob.  Mr. Levenson also
informed the court, in the presence of all concerned,
that he had discussed and advised his client of his
constitutional rights, the maximum sentence in-
volved, and the defendant's desire to plead to the
included offense of assault with intent to rob.  Mr.
Campbell indicated that he appeared of counsel for
Mr. Burns and that he represented Douglas.  Mr.
Campbell informed the court that he had discussed
the elements of the crime with Douglas and that
he had advised Douglas of his constitutional rights.
Mr. Campbell further informed the court that Doug-
las desired to withdraw his plea of not guilty to
the crime of armed robbery and offer a plea to the
included offense of assault with intent to rob being
armed.   CL 1948, § 750.89 (Stat Ann 1962 Rev
§ 28.284).  The court thereafter interrogated and in-
formed Brock that the offense to which he was plead-
ing carried a possible life imprisonment sentence.
Brock informed the court he was aware of that fact.
Immediately thereafter, the court questioned Doug-
las and Douglas informed the court that he had heard
his attorney inform the court of his desire to plead
guilty to the included offense, and that he was plead-
ing guilty because he was guilty; that nobody had
threatened or promised him anything to plead guilty,
and that his plea was free and voluntarily given.
The same information was elicited by the court from
the defendant Pleasant.  Thereafter, the court asked
an officer in charge to relate the details of the offense
and the detective informed the court that three col-
ored men entered the premises at 14501 Mack avenue
at 8:45 p.m. on August 25, 1964, and held the place

up with a chrome-plated revolver. Subsequently the three men were arrested. Thereafter, the court again questioned each of the defendants. As to Douglas, the court stated:

> "*The Court:* All right Mr. Douglas you have heard the officer indicate to the court the facts that the people would have to prove in this matter beyond a reasonable doubt in order to sustain a conviction, are these the facts which you are pleading guilty to?
> "*Mr. Douglas:* Yes, sir.
> "*The Court:* Are these the true facts?
> "*Mr. Douglas:* Yes, sir."

On June 16, 1965, Douglas was sentenced to prison for a term of 10 years to life. On December 8, 1965, the sentence was set aside as invalid. Douglas was then resentenced to a term of 10 years to 20 years and an order pursuant thereto was entered *nunc pro tunc* as of June 16, 1965.

Douglas now claims he was innocent of the crime charged and provides exculpatory affidavits from the two other codefendants in this case. All that need be said of defendant's present claim of innocence because of the exculpatory affidavits is that this issue is not pursued on this appeal, nor was it raised at any time prior to appeal, and will not be dealt with any further herein except as to say that it presents no grounds for setting aside the plea of guilty.

The principal issues raised by defendant are whether he had effective representation by court-appointed counsel, and whether the court complied with GCR 1963, 785.3(2) in taking a plea of guilty.

The practice of law and the processes of the courts in a metropolitan area such as the one in which defendant was charged with a crime are complex. Often the problem of setting the time and day for

the conduct of the court's business so that the attorneys and litigants can appear to be heard is most difficult to resolve.  However, at no time may we allow ourselves to permit the exigencies of our times and conditions to interfere with the time-tested right to a fair and impartial trial or to a citizen's right to his day in court.

This case is an example of the frustration of present-day practice of law and the need for more effective ordering of the trial court's affairs.

While the events complained of herein are not to be countenanced as a truly acceptable practice in our courts of criminal jurisdiction, we cannot find that representation afforded the defendant Douglas was ineffective or that it constituted reversible error.

There is no showing that the defendant's defense was in any way impaired by the fact that he was represented at the examination by an attorney other than the one the court had designated for his defense, particularly where the attorney who conducted the cross-examination at the preliminary examination was familiar with the offense charged by way of his defense of a codefendant.

Further, the record reveals that the judge informed the defendant of the reason why his attorney did not appear at the preliminary examination and that the substitution of Mr. Gribbs was consented to on the record in open court upon inquiry by the court before the preliminary examination was commenced.  If Douglas was to complain of the proceeding, this was the time for him to so indicate.

The representation afforded defendant at the time of the taking of the plea of guilty similarly indicates the consent to representation of counsel afforded him.  The practice of attorneys appearing on behalf of one another is not uncommon in our courts.  The defendant, if he did not agree to same, could have made his objection at the time in question, and the

trial court would have had an opportunity to pass upon the question.

On the issue of the court's compliance with GCR 1963, 785.3(2), the record reveals that the court did substantially comply with the provisions of the rule.

The court fully apprised the defendant of the consequences of his plea, even though he did not specifically address his remarks to the defendant, when the court informed the codefendants at the bar of the court, in the presence of each other and in hearing distance, of the consequence of the identical plea of guilty then being made by all three defendants.

The interrogation of the defendant and the information given the defendant by the court was sufficient compliance with the rule and statute concerning acceptances of pleas of guilty by the court. CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058); and GCR 1963, 785.3. See, also, *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Kearns* (1965), 2 Mich App 60.

Affirmed.

T. G. KAVANAGH and RASHID, JJ., concurred.