PEOPLE v. DIXON

ATTORNEY AND CLIENT—SUBSTITUTE ATTORNEY—EFFECTIVE REPRE-
SENTATION—PLEA OF GUILTY—CRIMINAL LAW.

> A guilty plea need not be vacated merely because the defendant
> was represented by an attorney other than the attorney of
> record when he entered the plea, because if the defendant
> did not agree to the representation he could have made his
> objection at the time in question, and the trial court would
> have had an opportunity to pass upon the question.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 7, 1970, at Detroit. (Docket No. 8433.) Decided December 7, 1970.

James Wray Dixon was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 503 *et seq.*

Before: Lesinski, C. J., and Bronson and Engel,* JJ.

Per Curiam.   Defendant entered a plea of guilty to the crime of armed robbery contrary to MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).   The trial judge, after questioning and examining the defendant, accepted the plea.   The record discloses that the trial court fully complied with GCR 1963, 785.3(2).

Defendant's sole issue on appeal is whether his plea of guilty must be set aside because, at the time the plea of guilty was entered, the defendant was represented by an attorney other than his court-appointed counsel.   A review of the record reveals that defendant's original court-appointed attorney withdrew from the case and that Mr. Bell was subsequently appointed by the court to represent the defendant.   When defendant entered his plea of guilty he was represented by Mr. Stephens, who appeared in place of Mr. Bell.

Before accepting the plea of guilty, the following colloquy relevant to the issue on appeal took place:

*"Mr. Stephens:*   Your Honor, standing on my right is James Wray Dixon, the defendant in this case.

"I have advised him of his rights to a trial by jury in this case or a trial before the court without a jury.

"At this time he waives his right to a jury trial or a trial before the court and desires to enter a plea of guilty to the charge of robbery armed.

*"Q. [The Court]* :   Mr. Dixon, you have heard your attorney offer a plea of guilty to the charge of robbery armed of one James Norman Ivey on December 30, 1968, at 5231 Tireman.

*"A.* Yes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"*Q.* Do you agree with his offer of a plea of guilty to robbery armed?

"*A.* Yes, I do.

\* \* \*

"*Q.* [*The Court*]: Now, you have had several attorneys in this case. You have had Mr. Henry Fox appointed.

"*A.* Yes.

\* \* \*

"*Q.* Then you have had Mr. Ed Bell and Mr. Stephens.

"*A.* Yes.

"*Q.* So you have had advice from at least three or four lawyers in this particular case.

"*A.* Not for this same case, no.

"*Q.* Well, you have had Mr. Fox in this case—

"*A.* Yes.

"*Q.* —and Mr. Bell and Mr. Stephens.

"*A.* Uh-huh.

\* \* \*

"*Q.* After discussing all your problems with the six lawyers, [referring to attorneys representing the defendant in other criminal actions] and in particular Mr. Stephens today, you have decided to offer this plea of guilty to robbery armed?

"*A.* Yes."

This Court, in *People* v. *Douglas* (1966), 4 Mich App 208, 213, held that a guilty plea need not be vacated merely because the defendant was represented by an attorney other than the attorney of record when he entered the plea:

"The representation afforded defendant at the time of the taking of the plea of guilty similarly indicates the consent to representation of counsel afforded him. The practice of attorneys appearing on behalf of one another is not uncommon in our courts. The defendant, if he did not agree to same, could have made his objection at the time in ques-

tion, and the trial court would have had an opportunity to pass upon the question."

In the instant case, the record clearly indicates that the defendant had discussed the case and his plea with Mr. Stephens. The record is void of any indication on the part of the defendant that he did not desire Mr. Stephens to represent him. There is no showing that the defendant's defense was impaired by the representation provided.

Judgment affirmed.