### PEOPLE v. BAILEY

CRIMINAL LAW—PLEA OF GUILTY—SUBSTITUTE ATTORNEY.

> Trial court's accepting the defendant's plea of guilty in the presence of counsel substituted for the defendant's court-appointed attorney of record was not error where the guilty plea transcript reveals that the substitution was with the defendant's permission and the record shows that the defendant was not prejudiced in any way as a result of the substitution.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 December 15, 1970, at Lansing. (Docket No. 10022.) Decided January 28, 1971.

Michael Bailey was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Robert S. Wisok* (*Edward P. Echlin,* of counsel), for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. This case is submitted on the people's motion to affirm. Defendant appeals from his conviction upon a plea of guilty to the offense of assault with intent to rob while armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). He was sentenced to life imprisonment. On appeal he claims that the trial court erred in accepting his plea of guilty in the presence of counsel substituted for his court-appointed attorney of record. The guilty plea transcript, however, reveals that such substitution was accomplished with the permission of the defendant. In addition, we cannot discern any way in which defendant was prejudiced as a result of this substitution. *People* v. *Douglas* (1966), 4 Mich App 208.

Motion to affirm is granted.