PEOPLE *v.* TRICE
PEOPLE *v.* WILLIAMS

CRIMINAL LAW—PLEA OF GUILTY—JOINT INTERROGATION—COURT RULE.

> Interrogating three codefendants jointly during the taking of their pleas of guilty was not error where the transcript of the interrogation shows that the trial judge obtained a separate, distinct, and clear response from each of the defendants as to each question which he put to them collectively and that he separately and clearly established as to each defendant that defendant's participation in the commission of the offense (GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 December 29, 1970, at Detroit. (Docket Nos. 10430, 10431.) Decided February 26, 1971.

William Trice and Rufus Williams were convited, on their pleas of guilty, of second-degree murder. Defendants appeal. People's motions to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 496.

*William H. Ferguson* (*Edward P. Echlin,* of counsel), for defendant William Trice on appeal.

*George W. Schudlich* (*Edward P. Echlin,* of counsel), for defendant Rufus Williams on appeal.

Before: FITZGERALD, P. J., and LEVIN and V. J. BRENNAN, JJ.

PER CURIAM. Defendants appeal from their convictions upon pleas of guilty to the offense of murder in the second degree. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

Together with a third man, they were originally charged with first-degree murder arising out of the killing of a grocer during the course of a robbery. The three defendants, each represented by his own counsel, entered pleas of guilty in a single proceeding. Defendants Trice and Williams now claim that the trial court erred under GCR 1963, 785.3(2), in jointly interrogating the three codefendants upon their pleas. The people have submitted motions to affirm.

The transcript of the interrogation shows that the judge obtained a separate, distinct, and clear response from each of the defendants as to each question which he put to them collectively and that he separately and clearly established as to each defendant his participation in the commission of the offense.

It is manifest that the question presented is so unsubstantial as to need no argument or formal submission. *People* v. *Douglas* (1966), 4 Mich App 208; *People* v. *Tolliver* (1969), 15 Mich App 500.

Motions to affirm are granted.