PEOPLE *v.* HILL

BURGLARY—BREAKING AND ENTERING—PLEA OF GUILTY—FACTUAL
BASIS.

> Trial court adduced a sufficient basis for defendant's plea of
> guilty of attempted breaking and entering an occupied dwell-
> ing house with intent to commit larceny, even though de-
> fendant contended that his testimony showed only an entry
> without breaking, where the defendant said that he gained
> entry through an open door after some of his boys had
> broken into the house, because the defendant could clearly
> have been found guilty of aiding and abetting and because
> a person who aids and abets in the commission of a crime may
> be prosecuted, indicted, tried, and, on conviction, punished
> as if he had directly committed the offense (MCLA § 767.39).

Appeal from Recorder's Court of Detroit, Elvin L.
Davenport, J. Submitted Division 1 October 8, 1971,
at Detroit. (Docket No. 10651.) Decided October
27, 1971.

Alvin C. Hill was convicted, on his plea of guilty,
of attempted breaking and entering of an occupied
dwelling house with intent to commit larceny. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Markus S. Simon,* for defendant on appeal.

Before: Lesinski, C. J., and V. J. Brennan and O'Hara,* JJ.

Per Curiam.   The defendant was charged with breaking and entering an occupied dwelling house with intent to commit larceny therein. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305). While represented by retained counsel, he waived the preliminary examination and pled guilty to attempted breaking and entering of an occupied dwelling house with intent to commit larceny therein. MCLA § 750.92 (Stat Ann 1962 Rev § 28.287). He was sentenced to a term of three and one-half to five years in prison.

Appointed appellate counsel filed a delayed motion for a new trial and an evidentiary hearing to determine the voluntariness of the plea based on the allegation that the defendant expected probation, not a prison sentence, when he offered the plea. The motion was denied. Defendant's argument that his plea of guilty was induced by promises of leniency was not briefed or raised on appeal, and is therefore considered abandoned. *People* v. *Williams* (1971), 29 Mich App 420.

On appeal the defendant argues that the trial court did not comply with MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) and GCR 1963, 785.3(2) when the defendant's plea was accepted. Specifically, he contends that his testimony showed only an entry without a breaking and that therefore the court should have questioned him in greater detail regarding the voluntariness of his plea.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The "testimony" referred to is as follows:

"*Q.* [*Court*]: Did you go into that house?
"*A.* [*Defendant*]: Yes sir.
"*Q.* What time of the day or night?
"*A.* About 12:30, 11:00 o'clock.
"*Q.* How did you get in?
"*A.* It was already open, some of our boys had broke into it. They were talking about going back and get the stuff so I went in and tried to get it before them."

.Although this testimony does not establish that the defendant himself did the "breaking"[1] he could clearly have been found guilty of aiding and abetting. A person who aids and abets in the commission of a crime may be "prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).

Therefore, the trial court did adduce a sufficient factual basis for the plea and the court's inquiry into the voluntariness of the plea was sufficient.

Affirmed.

---

[1] Even if defendant had pushed aside an already opened door, it would have been sufficient to constitute a breaking. *People* v. *Davis* (1970), 22 Mich App 70.