PEOPLE v HAILEY

1. CRIMINAL LAW—PLEA OF GUILTY—MANDATORY INFORMATION—
   MULTIPLE DEFENDANTS—PERSONAL QUESTIONING.

   A trial judge satisfies the burden of imparting the mandatory
   information, where two or more defendants are gathered to
   plead guilty, when he fully discusses the required rights with
   one of the defendants and then personally asks each defendant
   if he or she has heard the rights given and understands that
   they are being waived by a plea of guilty, but the judge must
   personally question each individual defendant as to participa-
   tion in the crime to which the plea is made.

2. CRIMINAL LAW—PLEA OF GUILTY—PRINCIPALS TO CRIME—AIDER
   AND ABETTOR—STATUTES.

   There is a factual basis to support a plea of guilty as a principal
   to attempted breaking and entering where the defendant states
   facts sufficient to support an inference of his guilt as an aider
   and abettor and, therefore, his liability as a principal (MCLA
   767.39; MSA 28.979).

Appeal from Wayne, James N. Canham, J. Sub-
mitted February 3, 1976, at Detroit. (Docket No.
24226.) Decided February 26, 1976.

Jerome Hailey was convicted, on his plea of
guilty, of attempted breaking and entering. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 496.
[2] 21 Am Jur 2d, Criminal Law § 115 *et seq.*

*Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles A. Haas,* for defendant on appeal.

Before: BASHARA, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. Defendant appeals from a plea based conviction of attempted breaking and entering. MCLA 750.92; MSA 28.287. His plea was taken with two codefendants. The trial judge indicated that he would discuss the defendant's waiver of rights by questioning one of them in the presence of all three.

Defendant first contends that reversible error occurred when the trial judge failed to repeat to him the rights as mandated by GCR 1963, 785.7. The trial judge began by directing his questions to codefendant Poole and stated:

"Excuse me, I am going to ask that Mr. Head and Mr. Hailey pay close attention to what I say to Miss Poole because the same identical questions relate to you. Then, I will not have to repeat everything three times."

The trial judge asked if codefendant Head had heard the questions and understood them. He then questioned Head about his part in the commission of the crime charged. The court engaged the defendant in the following colloquy:

"*The Court:* Mr. Hailey?
"*Defendant Hailey:* Yes.
"*The Court:* Did you hear the rights as I explained them to Miss Poole?
"*Defendant Hailey:* Yes, I did.
"*The Court:* Do you need me to repeat any of those constitutional rights?

*"Defendant Hailey:* No.
*"The Court:* Do you fully understand all of them?
*"Defendant Hailey:* Yes, I did."

We hold that where two or more defendants are gathered to plead guilty the trial judge satisfies the burden of imparting the mandatory information when he fully discusses the required rights with one of the defendants and then personally asks each defendant if he or she has heard the rights given and understands that they are being waived by a plea of guilty. See *People v Tolliver,* 15 Mich App 500; 166 NW2d 616 (1969), and *People v Douglas,* 4 Mich App 208, 214; 144 NW2d 636 (1966), *lv den,* 378 Mich 741 (1966), *cert den,* 390 US 969; 88 S Ct 1084; 19 L Ed 2d 1176 (1968). See also *Guilty Pleas Cases, (People v Nicholson),* 395 Mich 96; 235 NW2d 132 (1975). It is understood that the trial judge must personally question the individual defendant as to participation in the crime to which the plea is made.

Defendant also claims there was no factual basis elicited from him to establish a plea of guilty. The record reveals that while defendant stated he did not personally break into the store, he did take television sets once they were outside the building. He admitted placing the sets in the car to steal them. A fact finder could properly infer that defendant was guilty as an aider and abettor and, therefore, liable as a principal. MCLA 767.39; MSA 28.979. See also *People v Hill,* 36 Mich App 679; 193 NW2d 909 (1971).

Affirmed.