PEOPLE v DIXSON

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENT—AFFIRMA-
   TIVELY ACKNOWLEDGE—FAILURE TO AFFIRMATIVELY ACKNOWL-
   EDGE—COURT RULES.

   A plea agreement, to be binding, must be stated on the record
   and affirmatively acknowledged by the defendant, his lawyer
   and the prosecutor; therefore, there was no binding plea agree-
   ment where, at a plea-taking proceeding, a defendant's attor-
   ney stated that there was a plea agreement between the
   defendant and the prosecutor's office and recited the terms
   thereof, but the assistant prosecutor, who was at the proceed-
   ing, specifically stated that he did not know the details of the
   plea agreement, if any agreement had been actually reached
   (GCR 1963, 785.7[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENT.

   A guilty plea, entered pursuant to a plea agreement, is valid even
   if there is an inaccurate or incomplete recitation of the agree-
   ment on the record, unless the true bargain cannot be fulfilled.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA PROCEEDING—SUPPLEMEN-
   TAL HEARINGS—PLEA AGREEMENT.

   A hearing supplemental to an original plea proceeding should be
   held to determine the contents of a plea agreement which has
   not been affirmatively acknowledged on the record.

4. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENT—INACCU-
   RATELY STATED AGREEMENT—FAILURE TO AFFIRMATIVELY AC-
   KNOWLEDGE—WITHDRAWAL OF PLEA—ABUSE OF DISCRETION:

   A defendant will be allowed to stand upon his original plea of
   guilty where the defendant has expressed a clear desire to do so
   even though the plea agreement, pursuant to which the defend-
   ant entered the plea, was inaccurately stated on the record and

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
   Enforceability of plea agreement or plea entered pursuant thereto,
   with prosecuting attorney involving immunity from prosecution
   for crimes. 43 ALR3d 281.
[5] 21 Am Jur 2d, Criminal Law § 476.

was not binding because it was not "affirmatively acknowledged" by the prosecutor; however, where a defendant who has entered a guilty plea pursuant to a plea agreement which was inaccurately stated on the record wishes to withdraw that plea, it would be an abuse of a trial judge's discretion to prevent the withdrawal of that plea.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—PLEA OF GUILTY—WAIVER—MULTIPLE CHARGES—SAME TRANSACTION.

A defendant waives the protection of the double jeopardy clause when he offers a plea to a charge with another charge, arising out of the same transaction, pending and has a full awareness that the prosecutor intends to proceed on that other charge.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted October 10, 1975, at Detroit. (Docket Nos. 24187–24188.) Decided April 6, 1976.

Ausbert L. Dixson was charged with breaking and entering an unoccupied dwelling house with intent to commit larceny and with assault with intent to commit murder. Defendant pled guilty to the breaking and entering charge but his plea of guilty to that charge was vacated upon a motion by the prosecution. The defendant was convicted on both charges. Defendant appeals. Conviction for breaking and entering with intent to commit larceny vacated and the cause remanded for reinstatement of the defendant's plea of guilty and sentencing thereon. Conviction for assault with intent to commit murder affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Lee W. Atkinson,* Assistant Attorney General, of counsel), for the people.

*William F. Lavoy,* for defendant on appeal.

Before: BRONSON, P. J., and BASHARA and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was charged with breaking and entering an unoccupied dwelling house with intent to commit larceny therein, contrary to MCLA 750.110; MSA 28.305, and assault with intent to commit murder, contrary to MCLA 750.83; MSA 28.278. He pled guilty on June 28, 1974, to the breaking and entering charge, but that plea was vacated on July 15, 1974, upon motion of the prosecutor. A bench trial was held on December 16, 1974, and defendant was found guilty of both of the originally charged crimes. The judge imposed concurrent prison terms of 10 to 15 years and 30 to 45 years upon defendant, respectively.

At the guilty plea proceedings, defense counsel represented to the court that the plea was the result of a bargain between the defendant and the prosecutor's office, and that the assault with intent to murder charge would be dropped pursuant to the plea agreement. The assistant prosecutor stated that he was not informed of the exact details of the plea agreement. The following exchange occurred before the plea was accepted:

"*Mr. Mazer [Defense Counsel]:* * * * he desires at this time to ask the court to permit him to waive his constitutional rights and to plead guilty to that specific charge. The condition being plea bargaining, it was agreed that the charge of assault with any intent to murder would be dismissed at a proper time.

"*The Court:* Let me say first, I don't know the facts and circumstances of this case except what counsel told me over the bench here in open court hearings.

"Mr. Dixson, is everything that Mr. Mazer said here true?

"*Defendant Dixson:* Yes, it is.

*"The Court:* You do want to plead guilty to the crime of breaking and entering an occupied dwelling?

*"Defendant Dixson:* Yes.

*"The Court:* And you have heard his statement as to the plea bargain proposed here?

*"Defendant Dixson:* Yes.

*"The Court:* Is that your understanding of the whole bargain?

*"Defendant Dixson:* Yes.

*"The Court:* Is that the whole bargain, Mr. Jones?

*"Mr. Jones [Assistant Prosecutor]:* That is my understanding of it, your Honor. The specific nature of it is based on my conversations with Mr. Mazer and I am also informed by my office that, in fact, there is bargaining. No one informed me of the details of it when I came up here this morning, I am sorry to say, but I haven't any doubt to dispute that is what it is.

*"The Court:* All right. Mr. Dixson, whose idea is it that you plead guilty?

*"Defendant Dixson:* It is my idea, your Honor.

*"The Court:* Other than the plea bargain made here, has anyone made you any promises to get you to plead guilty?

*"Defendant Dixson:* No."

The trial judge then completed the plea-taking proceedings and accepted the guilty plea.

The county prosecutor subsequently moved to vacate the guilty plea before sentencing on grounds that the plea agreement had been incorrectly stated. He indicated that the prosecutor's office had never agreed to drop the assault charge. Defense counsel conceded that there had in fact been no final plea agreement:

*"Mr. Rostash [Prosecutor]:* Yes, your Honor. In this matter, the defendant appeared before this court and pled guilty to the charge of breaking and entering an occupied dwelling. There is another charge pending of

assault with intent to murder arising out of the same facts and circumstances as the first charge of burglary.

"At the time of the plea, I believe there was a misunderstanding by Mr. Mazer that there was a plea bargain involved. This was a misunderstanding; that is correct; and there was no plea bargain involved. It had been discussed along these lines, but the plea bargain that was mentioned was that if the plea were accepted on the burglary charge in File No. 15276 that the charge of assault with intent to murder, File No. 15436 would be nolle prossed or at least the people would file a petition requesting same. This is not the case.

"*The Court:* You mean that plea bargain was not discussed?

"*Mr. Rostash:* That plea bargain was discussed but there was never an agreement arrived at.

"*The Court:* All right.

"*Mr. Mazer:* May it please the court, my name is John Mazer and the defendant is present here in court and the prosecutor is correct with regard to his statement maybe that there was a misunderstanding as I was of the opinion that we had arrived at an understanding. That is not the fact and actually was not the truth and I explained to the defendant that the plea bargain that we attempted to go into was incomplete and hadn't been actually consummated; in other words, that there was no real agreement with regard to plea bargaining."

However, defense counsel indicated that defendant did not want to withdraw his plea of guilty even under those circumstances:

"He understands that and his statement to this Court will be that regardless of whether the plea bargain was complete or incomplete, he understands that the prosecutor intends, possibly intends to go ahead with the second charge. Regardless of that fact, he desires to have his original plea, which this court took, to the charge of breaking and entering an occupied home, which carries up to a possible 15 years imprisonment; that he understands that he could get up to 15 years.

Regardless of all of that he desires to have this court accept the original plea that was entered into and whatever time the sentence date is set up, that this court go ahead and set up your proper sentence date and he desires to be sentenced on that particular charge.

"But he understands that there was a mistake, there was a misunderstanding and regardless of all of those facts relating to plea bargaining, he still wants his original plea to breaking and entering into an occupied home [to] stand on this record, and is asking the court to accept that."

The trial judge refused to allow the original guilty plea to stand because it was based on a false statement of the plea bargain. The court vacated the plea.

Defendant was convicted of both counts at a bench trial. At that trial, it was brought out that defendant and an accomplice had broken into a house owned by Constance Harvell. Soon thereafter, Constance Harvell arrived home to discover a strange car in her driveway. She blocked the car with her own vehicle because she thought someone was vandalizing her home. Defendant and his companion emerged from the house, shot Constance Harvell twice, and drove away. They were apprehended after an extensive police chase.

Defendant contends on appeal that he should not have been brought to trial on the assault charge. He first argues that the assistant prosecutor had the authority to, and in fact did, enter into a binding plea proceeding. Pursuant to that agreement, the defendant was entitled to a nolle prosequi of the assault charge. Alternatively, defendant argues that even if the plea bargain was never completed, he had the absolute right to plead guilty to the breaking and entering offense. In that

case, he claims that double jeopardy bars a subsequent trial on the assault charge, as it arose out of the same transaction. We reject both of those arguments.

We cannot accept defendant's argument that the prosecutor's office is bound by the terms of the plea "agreement" set forth by defense counsel at the guilty plea proceeding. Only if the prosecutor "affirmatively acknowledges" a plea agreement, as provided in GCR 1963, 785.7(2), does public policy demand that the people be held to its terms. Here, the assistant prosecutor quite specifically stated that he did not know the details of the plea agreement, if any agreement was actually reached. Reliance was placed on defense counsel's recitation of the bargain. We cannot allow the defendant to take advantage of an inaccurate statement of the bargain by his attorney when the prosecutor never "affirmatively acknowledged" the same for the record.

We do agree with defendant that the trial judge improperly vacated the accepted guilty plea to the breaking and entering charge against the wishes of defendant.[1] The recent guilty plea case, *Guilty Plea Cases,* 395 Mich 96, 127; 235 NW2d 132 (1975), indicates that the original plea is valid even if there is an inaccurate or incomplete recitation of the agreement on the record, unless the true bargain cannot be fulfilled. Here, the trial judge initially took the proper course by holding a second hearing. *Guilty Plea Cases* indicates that a hearing supplemental to the original plea proceeding should be held to determine the content of a plea agreement which has not been "affirmatively acknowledged" on the record. However, after it was determined that there were no further terms

---

[1] GCR 1963, 785.7(6)(b), formerly 785.7(4).

to the bargain, the defendant should have been allowed to stand upon his original plea of guilty.[2]

Although the defendant's original guilty plea was valid, we do not accept the contention that the principles of double jeopardy bar prosecution of the assault charge. We have previously held in *People v Goans,* 59 Mich App 294; 229 NW2d 422 (1975), that a defendant waives the protection of the double jeopardy clause when he offers a plea with another charge pending and full awareness that the prosecutor intends to proceed on that other charge. Those circumstances were not present at the original plea proceeding, but defendant expressed a clear desire to stand upon his original plea despite knowledge that the prosecutor planned to proceed on the assault charge. We hold that the defendant thereby waived any double jeopardy claims with respect to the assault charge.

Defendant raised one further issue which does not merit discussion.

We vacate the conviction and sentence imposed by the trial judge in No. 24187, and remand the cause to the guilty plea judge. The guilty plea judge shall reinstate the plea of guilty to the breaking and entering charge, and impose a sentence upon defendant for the same. We affirm the conviction and sentence imposed by the trial judge in No. 24188, the assault charge.[3]

---

[2] Unlike the situation in *Guilty Plea Cases,* where the bargain was not completely stated, the agreement here was inaccurately stated on the record. Therefore, if defendant in fact had wished to withdraw his plea pursuant to GCR 1963, 785.7(6), we think it would have been an abuse of discretion for the trial judge to prevent the same.

[3] We have determined that we can properly sever this portion of the conviction and sentence even though defendant was charged with both offenses at trial. Since a bench trial was involved, we must assume that the judge considered only evidence relevant to the assault in finding defendant had committed the same. Additionally, evidence of both the assault and the breaking and entering are admissible as part of the res gestae. Consequently, the trial judge

would have the same evidence in front of him in a separate trial for asasault. Finally, defendant's conviction upon a plea of guilty to the breaking and entering charge would have been available to the trial judge as part of the presentence report upon a separate trial.