PEOPLE v BRAY

1. APPEAL AND ERROR—CRIMINAL LAW—PLEA OF GUILTY—PLEA PRO-
   CEEDINGS—PRESERVING ISSUE—MANIFEST INJUSTICE.

   The Court of Appeals will not review alleged error in a plea-
   taking proceeding where there was no objection before the trial
   court and where there is no evidence of manifest injustice.

2. CRIMINAL LAW—PLEA OF GUILTY—NONJURISDICTIONAL DEFECTS—
   WAIVER.

   A plea of guilty generally waives all nonjurisdictional defects.

3. CRIMINAL LAW—JUDGES—REHABILITATION FACILITIES—STATUTES.

   Trial judges have a duty to employ their sound discretion in
   placing criminal defendants in rehabilitation facilities when-
   ever reasonable (MCLA 771.3[3]; MSA 28.1133[3]).

4. CRIMINAL LAW—SENTENCING—PROBATION—CONDITIONS OF PROBA-
   TION.

   A trial judge in giving a probationary sentence has considerable
   latitude in imposing the conditions he may deem pertinent to
   the offense and appropriate to the rehabilitation of the of-
   fender.

Appeal from Recorder's Court of Detroit, Susan
D. Borman, J. Submitted June 20, 1977, at Detroit.
(Docket No. 31284.) Decided August 9, 1977.

Robert Bray was convicted, on his plea of guilty,
of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 458 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 583 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 562 *et seq.*

Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Walter J. Piszczatowski,* Assistant Prosecuting Attorney, for the people.

*Howard S. Siegrist,* for defendant.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

BASHARA, J. Defendant appeals his plea-based conviction of felonious assault, MCLA 750.82; MSA 28.277.

Defendant first contends that he entered into an agreement with the pretrial prosecutor to plead guilty to attempted felonious assault, which was improperly rejected by another prosecutor in attendance at the plea proceedings. We reject the argument summarily.

Defendant was under no obligation to plead guilty to felonious assault. The record reveals that after the preliminary examination a count of assault with intent to do great bodily harm less than murder was added to the initial charge of felonious assault. At the plea proceeding, counsel for the defendant was the first to indicate that his client would freely and voluntarily enter a plea of guilty to felonious assault.

There being no objection before the trial court we will not countenance review at this stage of the proceedings, since there is no evidence of manifest injustice. *People v Dixson,* 68 Mich App 505; 242 NW2d 820 (1976). Even if there were any conflicts or errors in pretrial matters, a plea of guilty waives all nonjurisdictional defects. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

Defendant's second objection, that the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judge erred in taking the plea of three defendants at the same time, is resolved against him in light of *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *People v Hailey,* 67 Mich App 540; 241 NW2d 282 (1976).

Finally defendant alleges that the trial judge erred in requiring that he enroll in a live-in alcohol rehabilitation center subsequent to serving 6 months of a 3-year probationary period in the Detroit House of Correction.

We write specifically to this issue to enforce the right, indeed the duty, of trial judges to employ their sound discretion in placing criminal defendants in rehabilitation facilities whenever reasonable.

MCLA 771.3(3); MSA 28.1133(3) clearly indicates that the trial judge may sentence an offender to not more than 6 months in the county jail or house of correction. Additionally, "The court may impose such other lawful conditions of probation * * * as the circumstances of the case may require, or warrant, or as in its judgment may be meet and proper."

In *Detroit v Del Rio,* 10 Mich App 617; 157 NW2d 324 (1968), this Court stated at 620:

"It would serve no useful purpose to attempt to catalogue what may be 'other lawful conditions of probation.' The Court is not disposed to attempt what the legislature avoided, and it is clear that considerable latitude is intended for the trial judge in imposing the conditions he may deem pertinent to the offense and appropriate to the rehabilitation of the offender." (Footnote omitted.)

It was further stated at 622–623:

"In any event, it is not for an appellate court to

supervise the trial court in its discretionary choice of alternatives from among the possible lawful dispositions."

See also *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), *lv den* 393 Mich 766 (1974).

In this era of increased recidivism, overcrowded correctional facilities, and a pervading public attitude that "something is lacking" in our system of justice, busy trial judges need all the tools at their command for both deterrence and rehabilitation. Appellate courts should place no shackles, beyond those of clear legislative proscription, upon the intent of the overwhelming majority of the trial bench and bar to assist addicted offenders to become productive and constructive contributors to our complex societal needs.

Affirmed.

D. C. RILEY, P. J., would concur in result only.