## PEOPLE v. TOLLIVER

CRIMINAL LAW—PLEA OF GUILTY—PREJUDICE—CONFUSION.

Defendant's claim that there was confusion in the courtroom that prejudiced his rights when he was among 11 defendants whose pleas of guilty were accepted at the same time *held*, without merit, where the court dealt with only three defendants at once, all of whom were pleading guilty to the same charge, and addressed itself to each of the defendants individually (GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, Schemanske (Frank G.), J. Submitted Division 1 December 4, 1968, at Detroit. (Docket No. 5,081.) Decided January 27, 1969.

Robert Tolliver was convicted on plea of guilty of attempted conspiracy to possess gaming paraphernalia. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer and *Stephen H. Boak*, Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman*, for defendant on appeal.

PER CURIAM. Defendant Robert Tolliver entered a plea of guilty to a lesser included offense of at-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 484-496.

tempted conspiracy to possess gaming paraphernalia.* He was sentenced to a prison term of 1 to 2–1/2 years. He has appealed claiming violation of GCR 1963, 785.3(2) by the trial court in accepting his guilty plea and raises the following specific issues:

(1) *Were the elements of the offense, the nature of the accusation, explained to the accused?*

The court explained the elements of conspiracy and also what constitutes a criminal attempt. This was sufficient.

(2) *Did the court elicit the acts defendant committed which constituted the crime?*

The record shows that defendant informed the court that he picked up betting slips whenever he was told and delivered them to a Mr. Balkman, one of the other defendants. There is no substance to this claim.

(3) *Was the defendant told of the consequences of his plea?*

The record shows the court made it clear to defendant that he was entitled to a trial by a jury or to a trial by the court and that he waived trial by either. The court also explained the possible punishment and questioned the defendant as to whether or not the plea was made freely, understandingly and voluntarily, without undue influence, compulsion or duress and without promise of leniency.

(4) *Was there prejudicial confusion when 11 defendants pleaded guilty at the same time?*

The court did not deal with 11 defendants at the same time but rather dealt with 3 defendants who were all pleading to the same offense. Defendant was one of these three. The court also dealt with

---

* CL 1948, §§ 750.302, 750.306; CLS 1961, § 750.505 (Stat Ann 1954 Rev §§ 28.534, 28.538, 28.773).

each defendant separately. *People* v. *Douglas* (1966), 4 Mich App 208, is controlling on this point.

(5) *Did the defendant waive his constitutional right to a jury trial?*

This point is covered under the discussion above under subparagraph (3). The record discloses no prejudicial error or any indication of miscarriage of justice and the conviction on the plea should therefore be affirmed on the authority of *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.

LEVIN, P. J., and HOLBROOK and ROOD, JJ., concurred.