PEOPLE v DAVENPORT

Docket No. 61154. Submitted September 14, 1982, at Grand Rapids.—
      Decided December 20, 1982.

   William L. Davenport pled guilty in Kalamazoo Circuit Court to a
      charge of breaking and entering an occupied dwelling with
      intent to commit larceny and was sentenced, Charles H. Mul-
      len, J. Defendant appeals, contending that the factual basis was
      insufficient to support a conviction for breaking and entering a
      dwelling with intent to commit larceny. *Held:*

      1. The record is unclear on the point of whether defendant
      committed the breaking element of the offense charged. There-
      fore, the factual basis is insufficient to prove that defendant
      committed the crime as a principal.

      2. Defendant also cannot be convicted of breaking and enter-
      ing on a theory of aiding and abetting if the breaking had
      occurred, without defendant's knowledge, at a time prior to his
      involvement in the theft of the property involved.

      3. The case is remanded with instructions to allow the
      prosecutor an opportunity to establish the missing element
      necessary to support the conviction. If he is able to do so and
      there is no contrary evidence, the conviction shall be affirmed.
      If contrary evidence is produced, the matter shall be treated as
      a motion to withdraw the guilty plea and the court shall decide
      the matter in the exercise of its discretion. If the prosecutor is
      unable to establish the missing element, the judgment of con-
      viction shall be set aside.

      Remanded.

1. CRIMINAL LAW — AIDING AND ABETTING.
      A defendant may be convicted as a principal even though he

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 167.
[2] 21 Am Jur 2d, Criminal Law § 174.
[4] 21 Am Jur 2d, Criminal Law § 171.
[5] 13 Am Jur 2d, Burglary §§ 1, 36.
[6] 13 Am Jur 2d, Burglary §§ 1, 8, 10.
[7] 13 Am Jur 2d, Burglaries § 63.

merely aided and abetted in the crime (MCL 767.39; MSA 28.979).

2. Criminal Law — Accessory After the Fact.

A person guilty of a substantive offense cannot also be guilty of being an accessory after the fact to the same crime.

3. Criminal Law — Aiding and Abetting.

A defendant must have aided, encouraged, instigated, or assisted a criminal enterprise in some way before he can be convicted as an aider and abettor.

4. Criminal Law — Aiding and Abetting — Intent — Knowledge.

A defendant must either intend to aid in the substantive offense or participate in the offense while knowing that a co-participant possessed the requisite intent before he can be convicted as an aider and abettor; mere knowledge of the crime is insufficient.

5. Burglary — Intent.

The crime of burglary is complete upon entry of the structure with the requisite intent to commit a felony or petit larceny, even if the intent is not subsequently fulfilled; it is the intent which exists in the mind of the perpetrator at the moment of entry which defines burglary.

6. Burglary — Breaking and Entering — Stolen Property.

Breaking and entering are essential elements of the crime of burglary; thus, subsequent connection with property stolen as the result of a burglary cannot make one guilty of burglary if he was not connected with the original breaking and entering.

7. Criminal Law — Breaking and Entering.

The crime of breaking and entering is not a continuing offense; it is complete when the entrance is gained.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Douglas E. Weldon,* Assistant Prosecuting Attorney, Appellate Division, for the people.

*Marovich & Stroba* (by *Milton J. Marovich),* for defendant on appeal.

Before: MacKenzie, P.J., and T. M. Burns and D. F. Walsh, JJ.

T. M. Burns, J. On July 27, 1981, defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and was subsequently sentenced to from 3 to 15 years imprisonment. He appeals as of right.

Defendant argues that the factual basis was insufficient to support breaking and entering a dwelling with intent to commit larceny. During the plea-taking proceeding, defendant admitted that on July 3, 1981, his brother had broken into a house through the basement window. The brother then came out through the patio door and went back home and told defendant about it. Defendant had not previously known about this crime. Then, both went to the house and stole a number of items. Although they put all the stolen goods in defendant's brother's room, they intended to divide the property.

To be convicted of this crime as a principal, defendant would have had to (1) break and (2) enter (3) an occupied dwelling (4) with felonious intent. *People v Flores,* 92 Mich App 130; 284 NW2d 510 (1979), *lv den* 407 Mich 932 (1979). The last three elements have obviously been shown here: defendant himself entered an occupied dwelling intending to steal. The first element, a breaking, is established if even the slightest force is used in pushing open an already open door. *People v White,* 153 Mich 617; 117 NW 161 (1908). Unfortunately, the record is just too unclear on this point. Defendant's brother could have left the patio doors wide open and, conceivably, neither opened any doors or windows during the second and all subsequent entries into the house. We do

not believe that the factual basis is sufficient to establish the inculpatory inference that a second breaking (one committed by defendant) occurred. As such, the factual basis is insufficient to prove that defendant committed the crime as a principal. *People v Kyllonen,* 80 Mich App 327; 263 NW2d 55 (1977); *People v Stewart,* 69 Mich App 528; 245 NW2d 121 (1976).

However, one may also be convicted as a principal even if he merely aided and abetted in the crime. MCL 767.39; MSA 28.979. One need not actually do the breaking to be guilty as an aider and abettor to breaking and entering. *People v Clark,* 34 Mich App 70; 190 NW2d 726 (1971). A defendant could be guilty as an aider and abettor even if he were merely the "lookout", *DeLoach v State,* 142 Ga App 666; 236 SE2d 904 (1977), or the driver of the car used in taking the principal to the building, *State v Wilson,* 221 Kan 359; 559 P2d 374 (1977).

*People v Hill,* 36 Mich App 679, 681; 193 NW2d 909, 910-911 (1971), is quite close to the present case. There, this Court affirmed based on the following colloquy:

"*Q. [Court]:* Did you go into that house?
"*A. [Defendant]:* Yes, sir.
"*Q.* What time of the day or night?
"*A.* About 12:30, 11:00 o'clock.
"*Q.* How did you get in?
"*A.* It was already open, some of our boys had broke into it. They were talking about going back and get the stuff so I went in and tried to get it before them."

Unfortunately, *Hill* is a little ambiguous. The facts tend to show that the defendant knew about the breaking ahead of time, being involved in a conspiracy with the others. This same ambiguity is

even more apparent in *People v Hailey,* 67 Mich App 540; 241 NW2d 282 (1976).

*State v Franks,* 377 So 2d 1231 (La, 1979), is directly on point. There, the defendant discussed the burglary[1] with others but decided not to join in. Later, one of the burglars asked the defendant for his truck and to help them cart away the stolen property. The defendant then drove his truck to the apartment and helped the others unload the stolen property. The court ruled that the defendant could be convicted under these facts as a principal. However, it also ruled that the defendant had been properly charged as an accessory after the fact to the burglary. Such a result is impossible in Michigan. A person guilty of the substantive offense cannot also be guilty of being an accessory after the fact. *People v Lucas,* 402 Mich 302; 262 NW2d 662 (1978).

*State v Best,* 232 NC 575; 61 SE2d 612 (1950), is also on point. There, the court affirmed where the principal had entered the house and opened the door ahead of time. It held that the defendant was guilty of "nonburglariously" breaking into the house as an aider and abettor when he and the principal later went into the house and stole a number of items. However, this case does not exactly explain why such a result should be correct.

To be convicted as an aider and abettor, a defendant must have aided, encouraged, instigated, or assisted the criminal enterprise in some way. *Peo-*

---

[1] We realize that the terms "burglary" and "breaking and entering" have different meanings in Michigan. *People v Whetstone,* 119 Mich App 546; 326 NW2d 552 (1982); *People v Saxton,* 118 Mich App 681; 325 NW2d 795 (1982), *lv den* 414 Mich 931 (1982). However, this particular difference is not material in the present case. We believe that we may justifiably look to "burglary" statutes of other states without confusing the distinction Michigan places on the different terms.

*ple v Palmer,* 392 Mich 370; 220 NW2d 393 (1974);
LaFave & Scott, Criminal Law, p 504. Further-
more, he must have either intended to aid the
substantive offense or participated while knowing
that the co-participant possessed the requisite in-
tent. *People v Triplett,* 105 Mich App 182; 306
NW2d 442 (1981). See also *Hicks v United States,*
150 US 442; 14 S Ct 144; 37 L Ed 1137 (1893).
Mere knowledge of the crime is insufficient. *People
v Burrel,* 253 Mich 321; 235 NW 170 (1931); *People
v Killingsworth,* 80 Mich App 45; 263 NW2d 278
(1977).

Yes, defendant did intend to aid his brother in
committing a crime. However, he did not specifi-
cally intend to aid in the breaking and entering
but in the larceny itself:

"Burglary is complete upon entry of the structure
with the requisite intent to commit a felony or petit
larceny, even if the intent is not subsequently fulfilled.
* * * It is the intent which exists in the mind of the
perpetrator at the moment of entry which defines bur-
glary.

*       *       *

"It is the intent at the moment of entry of the
structure which appellant must have shared with his
companion in order to be guilty of burglary as a princi-
pal. If appellant did not know *at that moment* what was
afoot, there is no way that he could have shared the
specific criminal intent required for guilt as a princi-
pal." (Emphasis in original.) *People v Markus,* 82 Cal
App 3d 477, 481-482; 147 Cal Rptr 151 (1978).

Merely being subsequently connected with the
stolen property after the breaking and entering is
insufficient to convict of breaking and entering:

"Breaking and entering being essential elements of
the crime of burglary, no subsequent connection with

property stolen as the result of a burglary can make one guilty of burglary who was not connected with the original breaking and entry." *Maines v State,* 97 Okla Crim 386, 388; 264 P2d 361 (1953).

See also *People v Hunt,* 90 Ill App 3d 496; 45 Ill Dec 882; 413 NE2d 215 (1980); *Beard v State,* 410 P2d 567 (Okla Crim, 1965).

In *People v Turner,* 120 Mich App 23; 328 NW2d 5 (1982), we affirmed the defendant's conviction for armed robbery where she had hidden the stolen money in her bra after the robbery had occurred. However, *Turner* is different. There, the defendant intended to aid the armed robbery itself. Armed robbery, being a continuing offense, is not terminated until the perpetrators reach a place of temporary safety. See *People v Clark,* 113 Mich App 477; 317 NW2d 664 (1982). However, defendant in the present case clearly intended to aid his brother in the larceny. He did not need to aid his brother in the breaking and entering since it had already occurred. As such, he did not have both the knowledge and the criminal intent to bring about the illegal end required to be convicted as an aider and abettor. He did not specifically intend by his conduct to aid in the breaking and entering. See *Hensel v State,* 604 P2d 222 (Alas, 1979).

*Turner* can be distinguished in another way too. Even though robbery is a continuing offense, breaking and entering is not. *People v Jardine,* 116 Cal App 3d 907, 919; 172 Cal Rptr 408 (1981). The crime of breaking and entering is complete when the entrance is gained. *State v Allen,* 125 Ariz 158; 608 P2d 95 (1980). In *Carr v Sheriff, Clark County,* 95 Nev 688, 689; 601 P2d 422 (1979), the court reversed the defendant's conviction for burglary with the use of a deadly weapon even though he had used the knife once inside the

house: "[T]he crime of burglary was complete upon his alleged unlawful entry of the house and was not accomplished with the use of the knife". See *Frost v Sheriff, Clark County,* 95 Nev 781; 602 P2d 193 (1979). Defendant could not have aided in his brother's breaking and entering since it had already terminated. See *People v Karst,* 118 Mich App 34; 324 NW2d 526 (1982), *lv den* 414 Mich 927 (1982).[2]

This case is remanded with instructions to follow the procedure outlined in *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). See also *People v Sees,* 104 Mich App 477; 304 NW2d 612 (1981), *lv den* 412 Mich 897 (1982).

---

[2] This analysis does not necessarily imply that a defendant cannot be convicted of felony murder in the perpetration of a breaking and entering unless he kills his victim while actually entering the building. The cases have affirmed convictions where the killing was incidental to the felony and associated with it as one of its hazards. *State v Conner,* 241 NW2d 447 (Iowa, 1976); *United States v Naples,* 192 F Supp 23 (D DC, 1961), *rev'd on other grounds* 113 US App DC 281; 307 F2d 618 (1962).