## APPLICATION OF ROBERTS

(200 N.W. 2d 625)

(File No. 10989. Opinion filed September 26, 1972)

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

**Robert L. O'Connor,** Sioux Falls, for appellant.

DOYLE, Judge.

On August 17, 1965, the appellant, Madrid Defond Roberts, entered a plea of guilty to Count I, assault with intent to commit a felony other than assault with intent to kill, and Count II, burglary in the third degree, in the Circuit Court of Day County, South Dakota. He was sentenced to the state penitentiary for a period of ten years on Count I and to fifteen years on Count II, the sentences to run concurrently. This appeal is from a judgment of the Circuit Court of Minnehaha County in which his application for a writ of habeas corpus was denied.

Appellant contends (1) that he was denied effective and adequate assistance of counsel in violation of his federal and state constitutional and statutory rights, and (2) his plea was made un-

knowingly and involuntarily in that the court failed to inform him of his rights as required by Art. VI, § 7 of the South Dakota Constitution and SDC 1960 Supp. 34.2302 (now SDCL 23-35-19).

The record shows appellant was arrested on August 7, 1965. On August 9, 1965, a complaint was filed with the Clerk of Courts of Day County charging appellant with the crimes above stated. On the same day appellant appeared before a justice of the peace, as committing magistrate, waived preliminary hearing, and was bound over to circuit court to answer the charges.

On August 17, 1965, appellant was arraigned in the circuit court upon an information charging him with the crimes stated. The court, at the request of appellant, appointed Mr. Glenn Fisher to represent him in the matter. (It appears that Mr. Fisher was in the courtroom at the time of the arraignment and was known to the appellant in that he had represented him previously in a criminal matter.) After the appointment of counsel, the court declared a recess to give appellant and counsel an opportunity to confer. It appears there was a ten to fifteen minute recess after which appellant and counsel returned to the courtroom and indicated to the court a desire to proceed. The court asked appellant if he had ample time to consult with his counsel and he answered in the affirmative. Appellant informed the court that he was satisfied with the advice given by counsel. Counsel stated to the court that he had had ample time to consult with his client. The court advised appellant and counsel that every person charged with a public offense has the right to 24-hours time to answer the information and appellant declined such additional time to answer. The court then, upon appellant's plea of guilty, imposed sentence. At the time of sentencing appellant was 24 years old, had an eighth grade education and worked as a farm hand.

This court has held that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, shall be given prospective application from June 2, 1969, Crowe v. State, 86 S.D. 264, 194 N.W.2d 234, Nachtigall v. Erickson, 85 S.D. 122, 178 N.W.2d 198. Thus, in this case, we review under the rules applicable in pre-Boykin cases.

We have held that under SDC 1960 Supp. 34.2302 (SDCL 23-35-19) where a defendant appears with counsel and pleads guilty to a criminal charge it is presumed that he has been informed of his constitutional and statutory rights by counsel, and it is not necessary for the court to advise him of such rights before the guilty plea is entered. Nachtigall v. Erickson, supra, and Application of Dutro, 83 S.D. 168, 156 N.W.2d 771.

█ The record does not show, nor does appellant contend, that his plea of guilty was induced by fear, misrepresentation, trickery, deception, duress or coercion. Under the circumstances it is presumed that defendant was informed of his constitutional rights by his counsel before the guilty plea was entered, and the advice of the court as to his constitutional rights is unnecessary. Application of Dutro, supra, and State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712.

█ Appellant concedes the competency of his court-appointed counsel, Mr. Glenn Fisher, but contends his representation to be both inadequate and ineffective. With this contention we cannot agree. Mr. Fisher was acquainted with the appellant and his background by reason of his previous representation of the appellant. The record reflects appellant was fully advised of his statutory and constitutional rights by either the court or his counsel. Both he and his counsel declined additional time to plead as being unnecessary. The situation presented no difficult or novel factual or legal questions, and defendant freely admitted his guilt. Indeed, even at this late date appellant makes no contention of his innocence of the charges. In this case both appellant and his counsel were given time to confer and both declined further time.

█ This state has given recognition to the right of an accused in a criminal action to the assistance of counsel under Art. VI, § 7 of the Constitution and SDCL 23-2-1 and 23-35-11, and we have said this to mean adequate and effective assistance of counsel. State v. Goode, 84 S.D. 369, 171 N.W.2d 733. Nowhere in this record does appellant contend that he was given improper advice by his counsel or that he was misled in any manner or that he did not understand any of his rights. Nor does appellant

even now contend that his plea was not voluntarily made. There must be a showing of cause and effect, i. e., that the inadequacy of counsel, when shown, contributed in some manner to an involuntary plea of guilty. In Re Parker, 8 Cir., 423 F.2d 1021.

We conclude there to be no violation of appellant's constitutional or statutory rights under the rules applicable at the time of sentence.

Affirmed.

All the Judges concur.