STATE of South Dakota, Plaintiff and Respondent,

v.

Junior Clay WALKER, Defendant and Appellant.

No. 12528.

Supreme Court of South Dakota.

Argued April 23, 1979.

On Reassignment Jan. 30, 1980.

Rehearing Denied Feb. 21, 1980.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Gregory A. Eiesland, of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for defendant and appellant.

FOSHEIM, Justice (on reassignment).

The defendant was charged with arson with intent to defraud an insurer. He was found guilty following a trial to the court. This appeal is from the resulting judgment and sentence. We affirm.

The defendant was initially represented during the preliminary hearing by an attorney from Custer, South Dakota. He later employed Ramon Roubideaux of Rapid City, as trial counsel. His present attorney has been retained on this appeal.

In November of 1975, the defendant and his wife purchased a house in Hot Springs, South Dakota. When purchased, the house was insured for $6,000 and was in a state of disrepair. The defendant did some remodeling and on August 29, 1976, increased the insurance to $25,000 with a total policy payment of $45,000. As a result of a fire on September 27, 1976, the house was destroyed.

The prosecution and the defense agreed that the fire was deliberately set and that it

was caused by gasoline. The deputy fire marshall testified that the fire was caused by built-up vapor from flammable liquids which caused an explosion in the basement of the house.

The basic issue is whether the trial court erred in denying the defendant's motion for a new trial because of ineffective assistance of counsel. The defendant contends that his trial counsel failed to fully investigate the case because he did not interview the state's witnesses prior to trial or the defendant's own witnesses, and for these reasons was ineffective in conducting his defense.

The right of an accused in a criminal action to the assistance of counsel is guaranteed under Article VI, Section 7 of the South Dakota Constitution.[1] *Application of Roberts,* 86 S.D. 672, 200 N.W.2d 625 (1972); *State v. Erickson,* 80 S.D. 639, 129 N.W.2d 712 (1964). This means adequate and effective assistance of counsel, *State v. Pieschke,* 262 N.W.2d 40 (S.D.1978); *State v. Goode,* 84 S.D. 369, 171 N.W.2d 733 (1969); *State v. Jameson,* 75 S.D. 196, 61 N.W.2d 832 (1953), and follows the Sixth Amendment standards under the United States Constitution.[2] *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The right of an accused to the services of an attorney envisages that his attorney will investigate and consider possible defenses. *State v. Erickson,* supra.

In discussing this subject, we start with the presumption that an attorney is competent until a showing to the contrary is made, and the petitioner has a heavy burden in establishing ineffective service of counsel. *United States v. Valenzuela,* 521 F.2d 414 (8th Cir. 1975), *cert. denied,* 424 U.S. 916, 96 S.Ct. 1117, 47 L.Ed.2d 321 (1976); *United States v. Kelton,* 518 F.2d 531 (8th Cir. 1975), *cert. denied,* 423 U.S. 1021, 96 S.Ct. 460, 46 L.Ed.2d 394 (1975); *State v. Pieschke,* supra; *State v. Roth,* 84 S.D. 44, 166 N.W.2d 564 (1969); *State v. Erickson,* supra.

Following an evidentiary hearing on defendant's motion for a new trial, the court found that the defendant was, in fact, represented by adequate and effective counsel. We have adopted the position that, as with other decisions of a trial court, we must consider the evidence adduced at such a hearing in the light most favorable to the trial court's decision. *State v. Stumes,* 241 N.W.2d 587 (S.D.1976); *State v. Kiehn,* 86 S.D. 549, 199 N.W.2d 594 (1972); *State v. Thundershield,* 83 S.D. 414, 160 N.W.2d 408 (1968).

We first note that defense counsel had many years experience as a practicing attorney and was particularly successful as a criminal defense lawyer. It appears that the defendant took pride in his own investigative talents and became actively involved in the process of interviewing witnesses. He also did this for the attorney who represented him at the preliminary hearing. In conducting his own investigation, the defendant took statements, both written and tape-recorded, from people with knowledge of the facts. He additionally took notes of what he heard and saw. Defendant would

1. South Dakota Constitution, Article VI, § 7 states:

In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face; to have compulsory process served for obtaining witnesses in his behalf, and to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

2. The Sixth Amendment states:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the Assistance of Counsel for his defense.

then inform his attorney of the information he had acquired and provide him with the tapes. It seems that many of the tapes were inaudible, at least in part. Some of the state's witnesses, however, testified at the preliminary hearing and Mr. Roubideaux had the benefit of knowing what they had said and was thus able to determine what direction the state's case would take. In addition, Mr. Roubideaux testified that on several occasions he and the defendant thoroughly discussed the anticipated content of any witness' testimony. At trial, he performed skillful cross-examinations, was familiar with the exhibits, and was able to stipulate or object without delay. It does not appear from the record that the defendant was prejudiced by the absence of counsel during the interviews with witnesses.

The defendant also claims his counsel failed to call five witnesses that he believes were essential to his defense. For example, he wanted a certain witness to testify that the house was listed for sale and that he was going to display a "for sale" sign. However, the defendant testified to this fact and the prosecution twice put it into the record. The defendant also complains that Mr. Roubideaux failed to call certain witnesses to show the labor he performed on the house and how much money he had spent on its repair. This testimony, however, would have been repetitious as such evidence had been effectively elicited. It appears that the defendant was not unhappy with his counsel until he lost the case. We recently noted that unproductive trial strategy does not necessarily indicate incompetent or ineffective counsel, and it is not our function to second guess the decisions of experienced trial attorneys regarding matters of trial tactics. *State v. Brown,* 285 N.W.2d 848 (S.D.1979); *State v. Watkins,* 85 S.D. 573, 187 N.W.2d 265 (1971).

We conclude that the defendant has failed to carry the burden of showing that his trial counsel provided ineffective assistance. We have reviewed the other assignments of error relating to the sufficiency of the evidence and find they are without merit.

The judgment of conviction is affirmed.

All the Justices concur.

HENDERSON, J., deeming himself disqualified, did not participate in this decision.