STATE of South Dakota, Plaintiff
and Appellee,

v.

Larry VAN EGDOM, Defendant
and Appellant.

No. 12920.

Supreme Court of South Dakota.

Submitted on Briefs April 17, 1980.

Decided May 21, 1980.

Margaret Crew, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard A. Johnson of Willy, Pruitt, Matthews, Hurd, Farrell, Frankman & Johnson, Sioux Falls, for defendant and appellant.

FOSHEIM, Justice.

This is an appeal from the judgment and sentence imposed by the trial court following defendant's plea of guilty to second-degree manslaughter. We affirm.

In a complaint filed on June 25, 1979, defendant was charged with: (1) driving while under the influence of intoxicants; (2) hit and run; (3) reckless driving; and (4) second-degree manslaughter. All four charges stemmed from a traffic accident which occurred on June 24, 1979, and resulted in the death of a man. On June 29, 1979, defendant made a motion for psychiatric evaluation for the sole purpose of determining whether he was capable of assisting in his own defense. The motion was granted, and the defendant was transferred to the Human Services Center until July 10, 1978, for examination. The defendant was found competent to proceed to trial.

On July 20, 1979, the State and defendant entered into a plea agreement following which defendant waived his right to a preliminary hearing and was bound over for trial. On July 27, 1979, the first three counts in the complaint were dismissed upon motion of the State pursuant to the plea bargain, and an information was filed charging defendant with second-degree manslaughter. Defendant was arraigned and pleaded guilty to that charge. Following a pre-sentence investigation, he was sentenced to six years in the penitentiary.

Defendant first contends that the trial court failed to elicit a factual basis for the plea as required by *Spirit Track v. State*,

272 N.W.2d 803 (S.D.1978), and *State v. Doherty*, 261 N.W.2d 677 (S.D.1978). See: SDCL 23A–7–14. In *Spirit Track*, supra, we elaborated on the meaning and effect of the requirement of a factual basis by quoting from *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425–6 (1969):

> [I]n addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. *The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information . . . .'* Requiring this examination of the relation between the law and the act the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' [emphasis supplied]

272 N.W.2d at 805.

In *Spirit Track*, the defendant stated that he wished to plead guilty even though he did not remember doing any of the acts with which he was charged. No testimony, statements or other evidence were presented to the trial court before acceptance of the plea. In reversing the conviction, we pointed out that the requirement of establishing a factual basis before accepting a plea is not unduly burdensome and "can usually be established by the interrogation of the defendant by the judge. An admission by the defendant that he/she performed the acts which constitute the crime is sufficient." 272 N.W.2d at 805.

■ In the present case, there is no serious doubt that a factual basis for the plea was established. The information under which defendant was charged stated clearly that defendant "on or about the 24th day of June 1979 in the County of Lincoln and State of South Dakota . . . then and there did recklessly kill Guy William Ludwig under circumstances which are neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide committing the crime of manslaughter in the second degree[.]" That information was read aloud in open court. Cf., *Wabasha v. State*, 292 N.W.2d 340 (S.D.1980). In addition, the court inquired of the defendant whether he understood the nature of the charge. After thoroughly questioning the defendant to insure that he understood his constitutional rights and voluntarily and intelligently waived them, the following colloquy ensued:

> The Court: All right, before I accept that, I want to know from you in your own words just what you think you did to be charged with manslaughter in the second degree. Can you tell me?
>
> Defendant: Yes, sir.
>
> The Court: All right.
>
> Defendant: I hit a guy on a motorcycle with my car.
>
> The Court: Were you driving a motor vehicle?
>
> Defendant: Yes, sir.
>
> The Court: Was this on a public highway?
>
> Defendant: Yes, sir.
>
> The Court: And had you been drinking at that time?
>
> Defendant: Yes, sir.
>
> The Court: And was this on about June 24th, 1979, in Lincoln County, South Dakota?
>
> Defendant: Yes, sir.
>
> The Court: And how fast were you going?
>
> Defendant: Probably 45 or 50 maybe.
>
> The Court: Where did the accident happen, can you tell me?
>
> Defendant: Happened on a city block heading out of the town of Hudson.
>
> .    .    .    .    .
>
> The Court: And the other party, you say was on a motorcycle?
>
> Defendant: Yes, sir.
>
> The Court: And was he traveling in the same direction?

Defendant: Yes, sir.

The Court: Was he stopped when you struck him?

Defendant: Yes, sir.

In view of the entire record, the trial court was justified in concluding that a factual basis existed for the defendant's plea of guilty to the charge that on June 24, 1979, he recklessly caused the death of Guy William Ludwig.

■ Defendant next contends that the conviction cannot stand because of the trial court's failure to make a verbatim record of the plea agreement at the time the plea was offered as required by *State v. Doherty*, supra, and SDCL 23A–7–9. In *Doherty*, this court adopted in substance the provisions of Rule 11(e) of the Federal Rules of Criminal Procedure. The pertinent provision upon which defendant relies reads: "If a plea agreement has been reached, the court must require the full disclosure of the terms of the agreement and a verbatim record made thereof at the time the plea is offered." *State v. Doherty*, 261 N.W.2d at 682.

It is conceded that the court did not require a verbatim record of the precise terms of the plea agreement. The effect of such an omission is a question of first impression for this court, due to the relative novelty of the Rule 11(e) requirements in this state. We are convinced, however, that this deficiency does not rise to the level of prejudicial error. A review of the record demonstrates that the trial court acted in substantial compliance with the provisions of Rule 11(e), and that, in our view, is sufficient. *United States v. Scharf*, 551 F.2d 1124 (8th Cir. 1977), cert. denied, 434 U.S. 824, 98 S.Ct. 70, 54 L.Ed.2d 81 (1977). Defendant argues that because the exact terms of the plea agreement were not set out in detail on the record, his plea could not have been knowing and voluntary. The record belies this argument. At the arraignment, defense counsel informed the trial court that pursuant to a plea agreement the defendant would plead guilty to the manslaughter charge. Questioned by the court, defendant answered that he was pleading guilty in return for dismissal of the other three charges listed in the original complaint. Defendant further stated that neither defense counsel nor the prosecution had made any promises with respect to the type or length of sentence he would receive. This exchange established not only the obvious terms of the plea agreement, but also the defendant's understanding of those terms.

■ Although there was no formalistic litany or recitation on the record, it is clear that the basic and essential terms of the agreement were recorded. The defendant, his counsel and the prosecutor were all in accord as to the terms of the agreement. Further, defendant does not suggest that the plea agreement was unfulfilled in any way. The clear purpose of Rule 11(e)(2) is to discourage secret plea-bargaining that may adversely affect the public's interest in the thorough and effective administration of justice and, at the same time, protect the defendant's rights under the agreement and insulate the prosecution from spurious claims of breach of promise. Where none of these interests is endangered, a guilty plea is valid, even though there is an incomplete recitation of the agreement on the record. *People v. Dixson*, 68 Mich.App. 505, 242 N.W.2d 820 (1976).

■ Defendant's final contention is that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and art. VI, § 7 of the South Dakota Constitution. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *State v. Walker*, 287 N.W.2d 705 (S.D.1980); *Application of Roberts*, 86 S.D. 672, 200 N.W.2d 625 (1972); *State v. Erickson*, 80 S.D. 639, 129 N.W.2d 712 (1964). He complains that trial counsel, by not requesting a psychiatric evaluation to determine his mental status at the time of the offense, denied him the information essential to enter a voluntary and intelligent plea as re-

quired by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970).

For that argument to prevail, there must be a showing of cause and effect which establishes that the inadequacy of counsel in some manner contributed to an involuntary plea of guilty. *Application of Roberts*, supra. The psychiatric evaluation established defendant's competency to proceed to trial, but raised doubt concerning his mental state at the time of the offense. Defendant reasons that because his trial attorney did not seek a determination of that mental state, he was deprived of information essential to the consideration of possible defenses. However, when the plea bargain was struck, the contents of the psychiatric evaluation had been revealed. Prior to the psychiatric examination, defense counsel indicated to the committing law-trained magistrate that his client would enter pleas of not guilty and not guilty by reason of mental illness. After receiving the test results, defendant and his counsel conferred with regard to the best course of action. Apparently, after balancing the uncertainty involved in a trial against the known factors of the plea-bargain, the latter alternative was selected as more prudent. *See McMann v. Richardson*, supra.

Defendant claims that the involuntary nature of his plea was further evidenced by his affirmative response when the trial court inquired at the time of sentencing if he claimed to be mentally ill at the time of the offense. However, if a defendant has the present ability to consult with a lawyer and understand the charges against him, he is competent to stand trial or plead guilty. *State v. Jameson*, 72 S.D. 638, 38 N.W.2d 441 (1949); *People v. Belanger*, 73 Mich.App. 438, 252 N.W.2d 472 (1977). As with other rights accorded a defendant, he can waive any defenses he may have and plead guilty. In *Young v. Brewer*, 190 N.W.2d 434 (Iowa 1971), a convicted defendant sought habeas corpus relief, claiming that his guilty plea was involuntary due to his mental state at the time

of the offense. The defendant had discussed with the trial court his loss of memory due to alcohol and head injury, and stated that he was aware of the defense of temporary insanity. The Supreme Court of Iowa upheld the conviction, finding that the defendant had effected a valid waiver of his insanity defense. In *Pearson v. State*, 308 Minn. 287, 241 N.W.2d 490 (1976), a defendant charged with theft testified when entering his guilty plea that because he was intoxicated at the time of the incident, he had no memory of the event, but did not think he intended to steal. He also testified that he knew he had the right to invoke an intoxication defense, but had decided to waive such right upon the advice of counsel. Upon that record, the Supreme Court of Minnesota upheld the validity of the plea.

In the present case, when defendant stated that he was incompetent at the time of the offense, the trial court, with extreme thoroughness, explored the matter with defendant who affirmatively and unequivocally stated that he was aware of the insanity defense, that he had discussed its feasibility with his attorney, and that he desired to waive such defense and plead guilty. Defendant was given an opportunity to withdraw his plea and request a continuance, but chose to proceed, apparently to free himself from numerous other charges. The fact that defendant's guilty plea was designed to limit the possible penalty does not render such plea involuntary or unintelligent. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Accordingly, we hold that the trial court did not err in accepting defendant's guilty plea. *United States v. Beck*, 606 F.2d 814 (8th Cir. 1979); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977), cert. denied, 435 U.S. 954, 98 S.Ct. 1585, 55 L.Ed.2d 805 (1978).

In view of the conclusions we have reached, it is unnecessary to consider defendant's remaining argument concerning effective assistance of counsel. The judgment and sentence are affirmed.

All the Justices concur.