**Junior Clay WALKER, Appellant,**

v.

**Herman S. SOLEM and Mark Meierhenry, Attorney General of the State of South Dakota, Appellees.**

No. 80–1806.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1981.

Decided May 19, 1981.

Burns, Hagen & Wilka, Thomas K. Wilka, argued, Sioux Falls, S. D., for appellant.

LeAnn Larson-Finke, Asst. Atty. Gen., argued, Mark V. Meierhenry, Atty. Gen., State of South Dakota, Pierre, S. D., for appellees.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

STEPHENSON, Circuit Judge.

Petitioner, Junior Clay Walker, appeals from the denial by the district court,[1] without an evidentiary hearing, of his petition

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

for habeas corpus brought pursuant to 28 U.S.C. § 2254. Walker has alleged that ineffective assistance of counsel deprived him of a fair trial. We remand to the district court for an evidentiary hearing.

## I.  BACKGROUND

Walker's home was destroyed by fire on September 27, 1976, at approximately 3:00 a. m. The fire was undeniably the result of arson. Walker was charged by the State of South Dakota with the crime of arson with intent to defraud an insurer, on January 11, 1977. Trial to the court was held on November 2, 1977, and a verdict of guilty was returned on November 17, 1977.

On April 14, 1978, Walker filed a motion for new trial, based primarily upon allegations of ineffective assistance of counsel. The relevant allegations included failure to investigate, failure to call witnesses requested by Walker, and failure to introduce evidence to buttress Walker's alibi. A hearing on the motion was held on May 4, 1978, and the motion was denied on June 19, 1978. The judgment and sentence upon the finding of guilt were entered on May 15, 1978.

Walker's conviction was affirmed on appeal by the South Dakota Supreme Court. *State v. Walker*, 287 N.W.2d 705 (S.D.1980). The South Dakota Supreme Court noted that an evidentiary hearing on the motion for new trial had been held, *id.* at 706, and concluded that "the defendant has failed to carry the burden of showing that his trial counsel provided ineffective assistance." *Id.* at 707.

Walker's pro se petition for writ of habeas corpus was filed in federal district court on June 3, 1980. His motion for appointment of counsel was denied but he was granted additional time in which to file further information in support thereof. The petition was then denied on July 15, 1980, without an evidentiary hearing. This appeal followed. Walker requests this court to grant the petition for writ of habeas corpus or, in the alternative, to remand to the district court for an evidentiary hearing. It is our view the case must be remanded for an evidentiary hearing.

## II.  BURDEN OF PROOF

■ Walker has a heavy burden of proving ineffective assistance of counsel. Counsel is presumed to be competent, and the exercise of reasonable professional judgment, even if hindsight reveals a mistake in that judgment, does not indicate lack of competence. *E. g., United States v. Hach*, 615 F.2d 1203, 1205 (8th Cir.), *cert. denied*, 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed. 266 (1980). Walker must show both incompetence and material prejudice resulting from that incompetence in order to prevail on his claim. However, failure on the part of counsel to conduct the necessary investigation into the facts may result in such prejudice as to justify the granting of relief. *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978); *Garza v. Wolff*, 528 F.2d 208 (8th Cir. 1975); *McQueen v. Swenson*, 498 F.2d 207, 217 (8th Cir. 1974).[2]

## III.  EVIDENTIARY HEARING

The Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), required federal courts to grant evidentiary hearings to habeas applicants if:

(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered

---

**2.** We are not unmindful of the observation of the Supreme Court of South Dakota "that defense counsel had many years experience as a practicing attorney and was particularly successful as a criminal defense lawyer." *State v. Walker*, 287 N.W.2d 705, 706 (S.D.1980). *Cf. United States v. DeCoster*, 487 F.2d 1197, 1202

n.21 (D.C.Cir.1973) ("It is important to stress that the issue in ineffectiveness cases is not a lawyer's culpability, but rather his client's constitutional rights. [citations omitted] Even the best attorney may render ineffective assistance, often for reasons totally extraneous to his or her ability.").

evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id. See Pruitt v. Housewright,* 624 F.2d 851, 852 (8th Cir. 1980). This circuit has repeatedly interpreted this to mean that a federal court must grant an evidentiary hearing if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court. *Id.; Parton v. Wyrick,* 614 F.2d 154, 158 (8th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980). *See also Hampton v. Wyrick,* 606 F.2d 834, 836 (8th Cir. 1979), *cert. denied,* 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980); *Toler v. Wyrick,* 563 F.2d 372, 373 (8th Cir. 1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978).

█ There are several incidents which, if true, could have a bearing both on the conviction and Walker's ineffective assistance claim. One incident concerns Walker's alibi witness and a discrepancy noted between the trial transcript and the hearing granted on the motion for new trial.

Walker contended at trial that on the night of September 26–27, 1976, he and his wife were at a rest area near Lusk, Wyoming. There they met Vernon Casteel, a resident of Washington state, who was on vacation. Walker further alleges Casteel's testimony would have placed Walker away from the scene at the time of the fire.

Casteel gave an unsworn written statement on June 3, 1977, to an attorney representing Walker's property insurance carrier. According to Casteel, the attorney informed him that the fire had occurred at 4:30 a. m. on September 28, 1976, more than twenty-four hours *after* the actual occurrence. In this statement, Casteel reported that he spent the night of September 27–28, 1976, at the Lusk rest area, and there met Walker. Because of the difference in dates, this statement had little probative value. It says nothing about Walker's whereabouts when the fire actually occurred on September 27, at 3:15 a. m.

To the contrary, in the sworn deposition, which was taken with the understanding that it would be read into evidence, Casteel indicated, with some uncertainty, that Walker stayed at the rest area on the night of September 26–27, 1976. Not only does this sworn statement tend to contradict the unsworn statement, but it is both material and relevant, since it tends to confirm Walker's alibi.

Another dispute pertains to the use, during the trial, of the unsworn statement (Exhibit 43) and the deposition of Casteel. The trial transcript records an interchange regarding the offering of exhibits as follows:

> THE COURT: They'll be received. Defense Exhibit # 43, the statement. [unsworn statement of Casteel]
>
> MR. GROSSHANS: The deposition of Mr. Casteel, the State has no objection to.
>
> MR. ROUBIDEAUX: Not a deposition, it's a statement.
>
> MR. GROSSHANS: The statement and the diary note, the State has no objection to.

However, the transcript of the hearing on the motion for new trial reveals the following:

> MR. GROSSHANS: But you did in fact contact this alibi witness, didn't you?
>
> MR. ROUBIDEAUX (answering as a witness for the State): Yes, we did, and the deposition was introduced at trial.

This testimony appears to be at variance with the trial transcript which does not show the admission of Casteel's deposition. This is a factual question which does not appear to have been resolved in the state court. Further, it is a matter of some importance, since the unsworn statement merely indicated that Walker was in Wyoming on the day after the fire, while the sworn deposition reveals that he may have been in Wyoming at the very time the fire occurred. This is one of the disputes that might be resolved in an evidentiary hearing.

It further appears that the allegations of failure to investigate and call witnesses warrant further consideration in an eviden-

tiary hearing. For example, Mr. Roubideaux admitted that he allowed Walker to perform much of the investigation, that most of the audio taped interviews taken by Walker were inaudible, and that he did not interview most of the witnesses prior to the day of trial.

As another example, Walker wished to call as a witness Bill Kilbreath, a realtor who had arrived to put up a "for sale" sign at the Walker's house the morning of the fire. This was specifically mentioned in the state fire marshal's report. During the hearing on the motion for new trial, Mr. Roubideaux was asked about the non-use of Kilbreath as a witness. He replied, "Never heard of him * * *." When informed who Kilbreath was, Mr. Roubideaux repeated that he did not know who Kilbreath was. In addition to raising a question of whether Mr. Roubideaux had read the fire marshal's report (an elementary step in an arson-related case), this exchange raises a question of prejudice resulting from counsel's failure to prepare for trial.

In the trial court's findings of fact and conclusions of law, the court found that Walker told neighbors that he would "get rid of it [the house] one way or another"; that Walker testified he listed his house for sale with United Farm Agency; that a broker for United found no record of such a listing and so testified; and that Walker knowingly and intentionally testified falsely during the trial. This last finding was crucial.

There is no mention in the trial court's findings of fact, that Kilbreath intended to display a "for sale" sign on Walker's property and the transcript does not list Kilbreath as a witness. It appears that Kilbreath's testimony might have favorably balanced the adverse United Farm Agency testimony. Further, at the hearing on the motion for new trial, Mr. Roubideaux stated that he did not recall any testimony regarding the alleged United Farm Agency listing. The record is thus unclear as to this point as well.

We are persuaded that factual disputes remain regarding the ineffective assistance claim because material facts were not adequately developed at the state court hearing. *See* 28 U.S.C. § 2254(d)(3). *See generally Sumner v. Mata,* —— U.S. ——, ——, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981). We are not persuaded that any of the specific allegations of ineffective assistance of counsel alone would justify an evidentiary hearing, but taken together they indicate sufficient factual disputes to require a hearing. The examples cited are not intended to limit the district court nor to necessarily direct its inquiry, but merely to indicate why an evidentiary hearing is necessary.

Counsel should be appointed to assist petitioner in the evidentiary hearing. We express no opinion as to the ultimate merits of petitioner's claim.

Reversed and remanded for an evidentiary hearing.