**UNITED STATES of America, Appellee,**

v.

**Gregory Lee SANDS, Appellant.**

**No. 89–5475.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1990.

Decided July 10, 1990.

Peter J. Pagones, Aberdeen, S.D., for appellant.

Philip N. Hogen, Sioux Falls, S.D., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

BEAM, Circuit Judge.

Gregory Lee Sands pleaded guilty in the district court to conspiracy to distribute 170 grams of cocaine in violation of 21 U.S.C. §§ 841, 846 (1988). The district court departed from the applicable guideline range and sentenced Sands to ten years imprisonment. On appeal, Sands asserts that the district court departed without affording him advance notice of, and without providing specific reasons for, the departure. He also challenges the reasonableness of the departure. Further, while the issue was not raised in Sands's initial brief, the government argues that the district court properly denied a reduction in the offense level for acceptance of responsibility. Sands, in his reply brief, challenges the denial as without foundation. We agree, in part, with Sands and reverse.

## I. BACKGROUND

The district court found that Sands was an organizer and, contrary to the presentence investigation report, that he had not accepted responsibility for his criminal activity. Thus, with a criminal history category of two and an offense level of twenty, the appropriate sentencing guidelines range was thirty-seven to forty-six months.

At the sentencing hearing, the district court expressed concern over Sands's failure to reveal the source of the cocaine. The court also commented, immediately prior to sentencing, on Sands's previous drug-related activities.

> THE COURT: ... How many times did you bring cocaine into South Dakota?
> MR. SANDS: I can't answer that.

> THE COURT: Do you wish not to answer or do you know how many times?
> MR. SANDS: I know how many.
> THE COURT: And wish not to answer. Let me ask you this question. Was it more than once?
> MR. SANDS: Yes, sir.
> THE COURT: I'm not unmindful of the fact that at the previous Sentence the evidence was that you had brought cocaine in through this same procedure a number of times. You need not respond to that. Do you know of any reason why I should not pronounce Sentence? Are you ready to receive the Sentence of the court?
> MR. SANDS: Yes, I am, Your Honor.

Sentencing Transcript at 13–14. Apparently, the court was referring to a statement made by a co-conspirator at his sentencing hearing, which hearing was held on the same day as Sands's hearing, that indicated that Sands had, twenty to thirty times previously, brought cocaine into South Dakota in a similar manner. The co-conspirator's statement was not offered as evidence at Sands's sentencing.

The district court sentenced Sands to ten years in prison followed by five years supervised release. The court gave the following explanation for departure from the applicable guideline range:

> By reason of the findings that I have made, comments that I have made which express the reasons why I feel that this case is a serious one, one in which the facts and circumstances are not completely within those contemplated by the guidelines and because it is my opinion that the guidelines as indicated of 37 to 46 months does [sic] not adequately reflect criminal conduct in this case, and by reason of fact that if at such time the government wishes to proceed under rule 35 it may do so.

*Id.* at 14.

## II. DISCUSSION

The district court may depart from the guidelines if it finds "that there exists an

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (1988). We follow a three-step analysis when reviewing the reasonableness of sentences departing from the guidelines. *United States v. Lang,* 898 F.2d 1378, 1379 (8th Cir.1990).

■ First, as a question of law, we determine whether the circumstances on which the district court based its decision to depart are sufficient to justify a departure. Second, we review whether the circumstances relied on actually exist. Whether the circumstances exist is a factual determination that can be set aside only for clear error. Finally, with deference to the district court, we review the reasonableness of the degree of departure. *Id.* at 1379–80 (quoting *United States v. Diaz–Villafane,* 874 F.2d 43, 49–50 (1st Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989)); 18 U.S.C. § 3742(e) (1988).

■ The district court must set forth the specific reasons for the imposition of a sentence outside the applicable guideline range. 18 U.S.C. § 3553(c). The departure must be based on factual findings supported by the record. Here, the district court adopted the facts set forth in the presentence report. The court also found that Sands was an organizer of the criminal activity and that he had not accepted responsibility for his actions. The court properly adjusted Sands's offense level to account for these findings. The court then found that the facts and circumstances of

this case are not within those contemplated by the guidelines. However, the court failed to identify any unusual facts or circumstances. In fact, the court made no factual findings on the issue of departure. Our review of the record reveals no support for the action taken.

The government argues that the district court found that Sands had brought 170 grams of cocaine into South Dakota in a similar manner on at least eleven previous occasions. Contending that the court actually did not depart from the guidelines, the government asserts that the court merely adjusted Sands's offense level to thirty to account for his prior similar conduct. However, the district court made no factual findings regarding prior conduct and specifically stated that it was departing from the applicable guideline range. Thus, the government's attempt to reconcile the district court's actions with the requirements of the sentencing guidelines fails.

■ Sands also contends that the district court erred in failing to give him notice of its intent to depart, as required by Federal Rule of Criminal Procedure 32.[1] Other courts have held that Rule 32 requires that a defendant be made aware of grounds that may support departure and be given an opportunity to address them. *United States v. Williams,* 901 F.2d 1394, 1400–01 (7th Cir.1990); *United States v. Anders,* 899 F.2d 570, 575–77 (6th Cir.1990); *United States v. Hernandez,* 896 F.2d 642, 643–45 (1st Cir.1990); *United States v. Cervantes,* 878 F.2d 50, 55–56 (2d Cir.1989); *United States v. Nuno–Para,* 877 F.2d 1409, 1415 (9th Cir.1989); *United States v. Otero,* 868 F.2d 1412, 1415 (5th Cir.1989). *But see*

---

1. Fed.R.Crim.P. 32(a)(1) requires that:
   Prior to the sentencing hearing, the court shall provide the counsel for the defendant ... with notice of the probation officer's determination ... of the sentencing classifications and sentencing guideline range believed to be applicable to the case. At the sentencing hearing, the court shall afford the counsel for the defendant ... an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.
   The presentence report must be disclosed to the defendant at least ten days before sentencing.

18 U.S.C. § 3552(d) (1988). And, Fed.R.Crim.P. 32(c)(3) provides, in part, that:
   [a]t least 10 days before imposing sentence ... the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation.... The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

*United States v. Burns,* 893 F.2d 1343, 1348 (D.C.Cir.1990) (notice of intent to depart not required when facts that formed basis of departure appeared in presentence report).

The disclosure provisions of Rule 32 insure that defendants are aware of the facts relied on by the district court in sentencing and that those facts are accurate. *See Otero,* 868 F.2d at 1415. Rule 32 protects the defendant by requiring that the presentence report be provided to him and that he be allowed, at sentencing, to comment on the report and "on other matters relating to the appropriate sentence." Thus, when the court sentences a defendant based on information not contained in the presentence report, it must give the defendant notice of, and an opportunity to rebut, such information. *Otero,* 868 F.2d at 1415.

Here, the presentence investigation report contained no facts that support departure and stated that no factors existed which warranted departure. While the district court indicated that it was aware, based on the statement of a co-conspirator, that Sands had previously brought cocaine into South Dakota in a similar manner, the court did not indicate that it was considering departure based on that statement. In fact, the court told Sands not to respond to that assertion. Thus, Sands was not given sufficient notice of the facts on which the district court based the departure and was denied an opportunity to rebut those facts.

Sands's final contention is that the district court erroneously failed to grant him a two-level reduction for acceptance of responsibility. This court gives "great deference" to the district court's denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and we reverse only if the denial was without foundation. *United States v. Wivell,* 893 F.2d 156, 158–59 (8th Cir.1990). Upon reviewing the record, we cannot say that the denial was without foundation.

## III. CONCLUSION

We find no merit to Sands's challenge to the district court's denial of a reduction for acceptance of responsibility. The district court, however, made two errors in sentencing. First, it failed to specify adequate reasons for departure. Second, if the court departed based on information not introduced at the sentencing hearing or set forth in the presentence report, the court denied Sands an opportunity to comment on matters relating to his sentence. We vacate Sands's sentence and remand to the district court for resentencing. At resentencing, the district court may consider all evidence it finds to be reliable, including evidence of Sands's previous conduct, if Sands is given notice of such evidence and an opportunity to offer rebuttal information.