Elroy L. WABASHA, Petitioner
and Appellant,

v.

Walter LEAPLEY, Warden of the South
Dakota State Penitentiary, Appellee.

Nos. 17696, 17753.

Supreme Court of South Dakota.

Considered on Briefs May 28, 1992.

Decided Nov. 10, 1992.

William Taylor and James Moore of
Woods, Fuller, Shultz & Smith, Sioux Falls,
for petitioner and appellant.

Mark Barnett, Atty. Gen., Frank E. Geaghan, Asst. Atty. Gen., Pierre, for appellee.

DOBBERPUHL, Circuit Judge.

In this consolidated appeal Elroy Wabasha (Wabasha) appeals from the July 24, 1991, order of the circuit court denying his application for a writ of habeas corpus and the September 19, 1991, order of the circuit court denying his motion to reconsider the previous order and to grant leave to file an amended application for a writ of habeas corpus. On September 30, 1991, the circuit court issued a certificate of probable cause, pursuant to SDCL 21–27–18.1, limited to the procedural question of whether the circuit court properly denied Wabasha's application for a writ of habeas corpus following court appointed counsel's motion to withdraw without granting Wabasha a hearing. Wabasha then applied to this court for a certificate of probable cause. It was granted November 22, 1991, at which time the procedural issue for which the circuit court granted the certificate of probable cause became moot.

■ Habeas corpus is in the nature of a collateral attack upon a final judgment. As such, the scope of review is limited to: "1) whether the court had jurisdiction of the crime and the person of the defendant; 2) whether the sentence was authorized by law; and 3) in certain cases, whether an incarcerated defendant has been deprived of basic constitutional rights." *Gross v. Solem,* 446 N.W.2d 49, 50 (S.D.1989); *Goodroad v. Solem,* 406 N.W.2d 141 (S.D. 1987).

On May 17, 1988, Wabasha pled guilty to a charge of first degree robbery in violation of SDCL 22–30–6. Wabasha was sentenced to fifteen years in the South Dakota State Penitentiary. Wabasha's claim is two-fold. First, he claims that the sentence imposed by the trial court violated his Sixth and Fourteenth Amendment rights as

guaranteed by the United States Constitution because the trial court based Wabasha's sentence upon a misunderstanding of his prior convictions. Second, he argues that he was provided ineffective assistance of counsel when trial counsel failed to object to the comments concerning Wabasha's alleged involvement in another crime.

## WAS WABASHA DENIED
## DUE PROCESS?

■ Questions of constitutional magnitude involving due process are reached when a defendant is sentenced on the basis of assumptions concerning his criminal record which are materially untrue. *State v. Ellefson,* 287 N.W.2d 493, 496 (S.D.1980). Sentences based upon material misinformation or erroneous assumptions violate due process. *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592, 596 (1972); *Townsend v. Burke,* 334 U.S. 736, 740, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Collins Spencer Catch The Bear,* 727 F.2d 759, 761 (8th Cir.1984); *State v. Ellefson,* 287 N.W.2d at 496; *Crowe v. State,* 86 S.D. 264, 194 N.W.2d 234, 246 (S.D.1972).

■ At the sentencing hearing there was some discussion concerning Wabasha's two prior convictions which had been vacated. The record clearly indicates that the trial judge was aware of the vacated convictions and did not misunderstand or rely on any misinformation concerning Wabasha's prior criminal record.[1]

## WAS WABASHA DENIED EFFECTIVE
## ASSISTANCE OF COUNSEL?

■ Before a petitioner may succeed on an ineffective assistance of counsel claim he must fulfill the two-prong test stated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and prove that trial counsel's performance was

---

1. The trial court states, in part:
   Looking strictly at his background, in terms of his prior convictions, and in terms of those cases, *which were ultimately set aside,* the State is right. Might as well give him the maximum. But looking at the nature of the

offense of which he is convicted here—in other words, the circumstances of it, there was no weapon used, there was no injury inflicted, other that the emotional trauma, the amount of money obtained. (emphasis added).

deficient and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington, supra; Boykin v. Leapley*, 471 N.W.2d 165, 167 (S.D.1991); *Gross v. Solem, supra; Roden v. Solem*, 431 N.W.2d 665 (S.D.1988); *Luna v. Solem*, 411 N.W.2d 656 (S.D.1987); *Jones v. State*, 353 N.W.2d 781 (S.D.1984).

■ There is a presumption that counsel was competent until the petitioner proves otherwise. *Gross v. Solem, supra.* Further, "it is not our function to second guess the decisions of experienced trial attorneys regarding matters of trial tactics." *Roden v. Solem, supra*, 431 N.W.2d at 667, quoting, *State v. Walker*, 287 N.W.2d 705, 707 (S.D.1980).

Wabasha argues that trial counsel's representation was deficient when trial counsel failed to object to the comments of the state and the trial court regarding a crime for which he had neither been convicted nor arrested. Our scope of inquiry is stated in *Roden v. Solem*, 431 N.W.2d at 667:

> Generally, the making or failure to make motions and objections are trial decisions within the discretion of trial counsel. *State v. Anderson*, 387 N.W.2d 544 (S.D. 1986); *State v. Tchida*, 347 N.W.2d 338 (S.D.1984). This general rule will not apply, however, where trial counsel's actions cannot reasonably relate to any strategic decision and are clearly contrary to the actions of competent counsel in similar circumstances. (footnote omitted).

■ Due process requires a defendant who contests the accuracy of factual information relied upon by a sentencing court be given an opportunity to rebut or explain that information. *United States v. Collins*

*Spencer Catch The Bear, supra*, 727 F.2d at 761; *United States v. Papajohn*, 701 F.2d 760 (8th Cir.1983). Disclosure during sentencing of information on which the sentencing court relies is generally sufficient to satisfy the notice requirement of due process. *Orner v. United States*, 578 F.2d 1276 (8th Cir.1978).

■ Trial counsel did not object to the state's comments during sentencing relating to the gun shop theft.[2] Trial counsel also did not object when the trial court commented upon the same crime.[3] Wabasha had not been charged with the crime. However, given the facts that the trial court had presided over and heard the evidence of the jury trial in the gun shop case and drew its own conclusions to the sworn testimony of the witnesses there, was it unreasonable that counsel did not object to the state's and the court's comments? That objection would have caused the trial court to delve farther into the circumstances surrounding a robbery for which Wabasha may or may not have been involved. Wabasha was given an opportunity to speak and made a lengthy statement to the court. He chose not to comment on or contest the state's or the sentencing court's comments concerning the gun shop theft.

■ It is well settled that a sentencing court has wide discretion in what it may consider, "largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker, supra*, 404 U.S. at 446, 92 S.Ct. at 591, 30 L.Ed.2d at 596; *accord, United States v. Papajohn, supra*, 701 F.2d at 763 (information which a sentenc-

2. The sentencing transcript reads, in part,
   MR. REEDSTROM: I just want to briefly touch upon another case that the State feels that this defendant was involved in. That is the Gary's Gun Shop case with Donald Stucker. That offense was committed several days after this offense. And the car that was involved in that Gary's Gun Shop case was also the car used in this case. Belong's to Donald Stucker's girl friend. The facts show in the Gary's Gun Shop case that there were two other people with Donald Stucker at the time that they were arrested—and he was arrested

four hours after the Gary's Gun Shop robbery. Two people were never apprehended. The State feels one of those people was the defendant, Elroy Wabasha.

3. The trial court states, in part,
   I, however, am familiar with his record. And I am also familiar with evidence involved in the gun shop theft. I sat on the jury trial on that case. And I am of the strong opinion that this defendant, to some extent at least, was probably involved in that offense. And probably was greatly involved in it.

ing court may consider includes criminal activity for which the defendant has not been prosecuted); *State v. Grosh,* 387 N.W.2d 503, 509 (S.D.1986); *State v. Ellefson, supra,* 287 N.W.2d at 496; *State v. Carsten,* 264 N.W.2d 707, 711 (S.D.1978). Factual information relied upon by the sentencing court must have an indicium of reliability beyond mere allegation. *United States v. Collins Spencer Catch The Bear, supra,* 727 F.2d at 761; *State v. Grosh, supra,* 387 N.W.2d at 509 (out of court statements must be consistent with the truth). There are few sources more reliable than a jury trial.

Wabasha did not receive the maximum sentence of twenty-five years which the state recommended. Instead he was sentenced to fifteen years in the South Dakota State Penitentiary. When the sentencing court made reference to the gun shop theft, it did so only in passing. The record shows that the bulk of the reasoning for the sentence came from other factors which were considered by the court.

We hold that based on the record, counsel's failure to object to the comments of the trial court and the state was not unreasonable, and therefore do not reach the second prong of the test under *Strickland v. Washington.*

Affirmed.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, J., dissents.

DOBBERPUHL, Circuit Judge, for AMUNDSON, J., disqualified.

HENDERSON, Justice (dissenting).

Based upon an application of the facts in this case to the holding in *United States v. Sands,* 908 F.2d 304 (8th Cir.1990) I respectfully dissent. Essentially, at the sentencing hearing, the State made an allegation against Wabasha that Wabasha (State "feels") was one of two people who were never apprehended in a strong arm robbery at a gun shop in Sioux Falls. Wabasha had no notice that this "other crime" would be considered and was not afforded due process with respect thereto. Wabasha was not given an opportunity to respond nor an opportunity to rebut contested factual information relied upon by the sentencing court through a hearing. Attached hereto and by this reference made a part hereby is a copy of the ORDER DENYING PETITIONER'S REQUEST FOR HABEAS CORPUS. Note that the request "... is denied without hearing." This is a requirement under *United States v. Catch The Bear,* 727 F.2d 759, 761 (8th Cir.1984). The *Catch The Bear* case arose from this Court. In *Catch The Bear* at 761, the Eighth Circuit held "Factual matters considered [at sentencing] must have some minimal indicium of reliability beyond mere allegation."

As one can note in the first paragraph of the majority opinion, the circuit court issued a certificate of probable cause, by virtue of SDCL 21–27–18.1, on the 30th day of September, 1991, which was *limited to a procedural question*; this question was: Did the circuit court err, in denying Wabasha's application for a writ of habeas corpus after court appointed counsel's motion to withdraw, *without granting Wabasha a hearing*? I maintain that Wabasha was denied due process. Wabasha is entitled, in my opinion, to raise his constitutional claims in a *successive* habeas application under SDCL 21–27–16.1 (1987). This can only be asserted if the court "... finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original application." In addition to this statute, *see Gregory v. Solem,* 449 N.W.2d 827, 830 (S.D.1989), as supporting authority. State contends because Wabasha had an opportunity to address the trial court that, per its brief, "... nothing in the record ... would even remotely support Petitioner's [Wabasha's] contention that, had he denied his involvement in this matter, the trial court would not have afforded him a procedure designed to elicit the truth." If you will read the trial court's remarks in open court, it is obvious that those remarks directly contradict the state's appellate advocacy. It is my belief that *United States v. Sands,* 908 F.2d 304 (8th Cir.1990) supports Wabasha's position.

In *Sands,* in open court, the trial court asked him about bringing cocaine into South Dakota, how many times, etc. At this time, the district court, on the record, following the previous colloquy to which I have referred, then stated that by the *previous* sentence the district court knew that Sands had brought cocaine, by the same procedure [into the state] a number of times. Here, the circuit court followed the same procedure as in *Sands.* In *Sands,* the federal district court relied upon *evidence obtained from an independent proceeding, without giving Sands notice.* Same here—no notice to Wabasha. In the state's brief, it condemns Wabasha for not responding to the circuit court's allegation. In effect, it denounces Wabasha for not objecting—for not saying something. Not fair. It was his lawyer's duty to speak out, object, and represent his client, Wabasha! *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). His lawyer was the professional; Wabasha was an Indian male with little education. In both his lawyer's plea and Wabasha's plea, I noted arguments of the State that Wabasha was stereotyped as a drunk and lazy, was later countered by pointing out (1) the Presentence Investigation revealed that the State Penitentiary expressed he was a good prisoner (2) that Wabasha embraced Jesus Christ and wanted to amend his life. He said: "In the name of Jesus [I] throw myself on the mercy of the Court." Later, he expressed he stopped using drugs and alcohol. Again, he said: "My faith in Jesus, you know, I didn't come instantly holy. You know, takes a while adjusting to *that faith,* you know. It's a narrow road that you've got to walk. But this is what I have choose and this is what I have learned from being in jail." (Emphasis supplied mine). It is difficult for any man to change his entire way of life and it is particularly difficult for a man to change his religion. Native Americans believe in the Great Spirit. Wakan–Tonka. Judge Kean, the trial court judge, expressed that he could not gauge the degree of sincerity of Wabasha. Neither can I. But I desire to express that we have before us a man, who for all intents and purposes, has (a) recognized the need to change (b) has changed as demonstrated by his prison record and (c) wants to turn his life around to constructive activities. He expresses, as he stands before Judge Kean, that he wants to take training and turn his life around. Can Wabasha be rehabilitated? I don't know. But he has certainly taken positive steps to do so. His ultimate amount of imprisonment is with the Board of Charities and Corrections— not the judiciary; but, before the long solitary years of confinement set in—there is one legal concept I cannot escape: Wabasha, under the law I have written above, is assuredly entitled to a due process hearing and I abide by the dictates of *Catch The Bear, Gregory, Sands,* and *Townsend.*

Here, the circuit court relied on mere allegation without any offered indicia of reliability. Thus, this case should be remanded to the circuit court for an evidentiary hearing. I cannot join the majority opinion. Further, it appears to me that since Wabasha first filed his pro se habeas application in May 1990, South Dakota has yet to file a pleading in Wabasha's case. Rather than to see this case reversed by the Eighth Circuit Court of Appeals, I supplicate my Brothers on this Court because of procedural deficiencies and a major substantive error, to *remand this case to the circuit court so that Wabasha has an opportunity to respond to the circuit court's reliance on evidence taken at another sentencing hearing.*

ATTACHMENT

STATE OF SOUTH DAKOTA

:SS

COUNTY OF MINNEHAHA

IN CIRCUIT COURT

SECOND JUDICIAL CIRCUIT

Elroy L. Wabasha, Petitioner,

vs.

Walter Leapley, Warden of the South Dakota Penitentiary, Respondent,

CIV. 90–1251

ORDER DENYING PETITIONER'S REQUEST FOR HABEAS CORPUS

Based upon the foregoing Findings of Fact and Conclusions of Law together with

all of the documents filed in this matter together with the matters that the Court has taken judicial notice of, it is hereby ordered that

1. *That the petitioner's request for Writ of Habeas Corpus is hereby denied without a hearing.** 

2. That the petitioner shall be detained in custody to serve the former imprisonment under the commitment and sentence previously mentioned by the Court herein.

3. That court appointed counsel's further representation of the petitioner in this case is terminated.

Dated at Sioux Falls, South Dakota this 24th day of July, 1991.

BY THE COURT:
/s/ Gene Paul Kean
Circuit Court Judge

---

* Emphasis supplied mine.